Dunnahoo *vs.* Holland *et al.*

JOHN B. DUNNAHOO, plaintiff in error, *vs.* JAMES H. HOL-
LAND, executor, *et al.*, defendants in error.

1. Under the act of 1866 and the constitution of 1868, which secure to a
   married woman, as her separate estate, all property given to, inherited
   or acquired by her, the husband cannot assert her rights in reference
   to such property in his own name.  (R.)
2. When a daughter is excluded by her father's will from any interest in
   his estate, and the executors agree with her husband, in order to pre-
   vent a caveat, that said estate, with certain exceptions, shall be equally
   divided between all his children according to appraisement, each child
   accounting for any indebtedness existing to the estate, and there was
   at the time of said agreement a suit pending in favor of the executors
   against such husband on a note, to a portion of which he had a sub-
   stantial defense, upon which the executors entered a judgment within
   a few weeks after the contract aforesaid, without his knowledge or
   consent, he, relying upon said agreement, giving no further attention
   to the same, the enforcement of said judgment will be enjoined.  (R.)
3. As the agreement provides that when the estate is ready for distribu-
   tion, it shall be paid out " to each of the children of the deceased,''
   the husband of one of the daughters cannot, by a bill filed in his own
   name, enjoin a suit pending against him for the purchase money of
   property of the estate sold by the executors, for the purpose of setting
   off against said claim his wife's interest in said estate.  For the same
   reason the other children must be made parties.  (R.)
4. As the will conveyed certain lands to the children of complainant,
   and as the subsequent agreement did not affect them, they were not
   necessary parties.  (R.)

Husband and wife.  Separate estate.  Equity.  Parties.  In-
junction.  Set-off.  Executors and administrators.  Compro-
mise.  Before Judge RICE.  Jackson county.  At Chambers.
January 3, 1874.

For the facts of this case, see the decision.

J. B. ESTES ; W. L. MARLER, for plaintiff in error.

WILL. J. PIKE; M. PITMAN, for defendants.

TRIPPE, Judge.

The bill filed in the court below presents about the follow-
ing statement of facts : John Griffith died testate in 1871,
leaving four children, William Griffith, Mary Scott, Susan
Holland, wife of J. H. Holland, and the wife of plaintiff in

error. Plaintiff and his wife, who were to receive nothing under the will, intended to caveat the probate thereof. By the will certain land was given in trust for the children of Mrs. Dunnahoo, and all the balance of the estate was left to the other three children. In January, 1872, before any caveat was filed, plaintiff in error entered into an agreement with two of the children, who were legatees, and with Holland, the husband of the third, and who was one of the executors, as follows: "That the will should be set up and executed; that the land received by John B. Dunnahoo from testator, and all the lands willed by deceased to the children of Mrs. Dunahoo, all the demands held by deceased against said John B. Dunnahoo at the time of his death to be accounted for as the rest of the heirs. All the above named lands to be valued by disinterested persons chosen by said parties; that when the estate of said deceased shall be ready for distribution a calculation shall be made upon the same and paid out to each of the children of said deceased so that each shall receive the same amount of said estate, except Mary Scott, who shall have the land willed to her over and above the rest as is set forth in said will." The bill alleges that this agreement was made in order to settle and forever to put at rest all controversy in reference to said estate and to avoid family broils and litigation, and that all parties acted under it and accepted it as the law to the executors so far as it conflicts with the testator's will. The legatees mentioned in the will, as well as plaintiff, were indebted to testator, and it was the intention of the parties to the agreement that the debts so due by them were to be taken as advancements, and that the same were not to be paid in and then to be distributed, but to be counted as so much against their respective shares. The testator before his death had instituted suit on a note he held against plaintiff, which was pending when the agreement was executed. Plaintiff had a substantial defense against a large portion of this claim, but relying on the agreement, and as he alleges, "he believed and did know that it was to be determined and settled under the agreement," he gave no further attention to the suit against

Dunnahoo vs. Holland et al.

him. The executors, without his knowledge, at the next term of the court in which said action was pending and which was, in a few weeks after the execution of the agreement, obtained judgment on the debt and had levied the execution issued thereon on his property. The other parties have never been required to pay the debts they owed the estate. A sale has been made by the executors, all the parties in interest purchasing some of the property. Plaintiff bought about $1,100 00 worth, of which he paid $600 00, and no payment was required of the other legatees. The executors have instituted suit against him for the balance of his purchase, which is now pending. There are no debts against the estate, which is ready for distribution, and the share coming to plaintiff or his wife is greater than what he owes the estate, and he has often proposed a settlement as provided in the agreement. The bill prays for an injunction against the levy and sale under it, and against the suit pending against plaintiff for the balance due on his purchase at the executors' sale, and that a settlement and accounting be had as provided for by the agreement, and for general relief, etc. The chancellor refused to grant the injunction.

1. It is apparent that the bill was prepared without reference to the act of 1866, or the constitution of 1868, which secure to a married woman, as her separate estate, all property given to, inherited or acquired by her. Had Mrs. Dunnahoo's right or interest in this estate accrued directly under the will, or solely by virtue of her being an heir-at-law, her husband could not assert her rights in his own name, or as a set off against what he may owe the estate, or set up any equity in her to postpone or otherwise affect the collection of what he might owe the estate. Even under the agreement and the facts in the case, he cannot himself, in his name, assert any claim of hers to prevent the collection of the balance of his purchase at the sale by the executors.

2. The agreement provides that when the estate is ready for distribution, it shall be paid out "to each of the children of the deceased." This distinctly recognizes one share as be-

longing to Mrs. Dunnahoo, and her husband cannot, by a purchase at the sale, secure to himself what belongs to his wife. To affect the set off, so far as it refers to either of their debts, it would be necessary that the wife should be a party, and that proper allegations, if the facts exist to authorize them, should be made. For the same reason, Mrs. Holland, another daughter, should be a party, with such charges as would show that she was bound by the agreement. She did not sign the agreement. It was the act of her husband. It is true he was executor, but her interest under the will was her separate property. That right could not be affected or lessened by the act of her husband without her consent. The letting in of Mrs. Dunnahoo to a share of the estate did diminish Mrs Holland's portion. To bind her by this, or to enforce the execution of the agreement against the executors, she must be a party, and must be shown to be bound by that agreement. The bill not containing all this, it was not error to refuse the injunction so far as it was prayed to restrain the suit now pending against plaintiff.

3, 4. We do not think the rights of the children of Mrs. Dunnahoo, under the will, affect the question or present any difficulty. They are secured by the will, and are not taken away or diminished by the agreement. Certain land is bequeathed to them, and the parties only contracted that the appraised value of it should be deducted from the share that would go to their mother under the agreement. They have no interest in this contract. But we think the injunction should have been granted restraining the enforcement of the judgment obtained by the executors against the plaintiff. He makes the sworn statement that his defense was, and that it was true, that the debt was for $100 00 more than it should have been, and that he was entitled to a credit for a payment of $200 00, and relying on the agreement and the understanding of the parties that a settlement of all the debts was to be made when a distribution was had, he was induced not to prosecute his defense. If this be true, and it is sworn to and not contradicted, he should not lose his right to be heard,

even if the agreement can be repudiated, or cannot be legally enforced.  If he was misled by it so as to omit to defend the suit, that right should now be granted him.  Two of the three executors signed the agreement.  Its terms, when taken in connection with the charges in the bill, are sufficient to entitle him to a hearing before a jury.  We do not say that in the present state of the bill he can assert any claim to have this debt paid out of any part of the estate.  As before stated, it would be necessary for Mrs. Holland to be a party, as also Mrs. Dunnahoo, with such further averments as might be necessary.  It is true a wife cannot dispose of her property to discharge her husband's debts; but in this case, Mrs. Dunnahoo took nothing by the will.  She had no property in the estate outside of the agreement.  She and her husband proposed to contest the will.  All her rights and all chance for any share, would thus have been in litigation.  We do not think that, in such a case, a wife should be denied the privilege to compromise a litigated or doubtful claim, even on the terms that she will receive a debt on her husband as part of the share that the other parties may yield to her.  Such a settlement is not in conflict with the law, and might be eminently prudent and proper in such cases, especially where family disputes are thereby prevented and settled.  We were urged in the argument to give directions as to what rights the plaintiff might have under proper amendments, and what judgment the chancellor should render in the case thus made.  But we cannot go farther than the suggestions which have been made, and which necessarily spring out of the reasons given for the decision we render.  It is for the parties to take such steps as their interests may require and the law will permit.

In our opinion, the injunction should be granted, so far as to restrain the collection of the judgment obtained by the executors against plaintiff in error, until it can be determined on a final hearing whether he is entitled to be heard on his defense against the note on which the judgment was rendered,

Judgment reversed.