## T. B. SWEET v. F. G. HENTIG, *et al.*

1. STATUTE OF LIMITATIONS, *a Bar to Relief.* Plaintiff in 1874 was an accommodation indorser upon a note belonging to defendant. The maker was insolvent. Suit was brought. Plaintiff interposed no answer. Upon request of defendant, plaintiff, pending the suit, paid several hundred dollars, upon defendant's promise to credit it on the claim, and take judgment for the balance only. Notwithstanding this, defendant took judgment for the face of the paper, of which fact plaintiff soon had knowledge. Calling defendant's attention thereto, he promised to correct the error, and allow the payment on the final settlement of the judgment. Several payments were made from time to time, and this promise was frequently repeated, but no correction was ever made. Defendant was the attorney of a company of which plaintiff was president. They occupied the same office, and had intimate personal and business relations, in the latter of which defendant was plaintiff's confidential adviser. After over four years had passed, defendant refused to credit the judgment with this prior payment, and demanded the full amount due upon its face. *Held,* In an action brought by plaintiff to compel the credit of this amount, and restrain the collection of the judgment therefor, that the statute of limitations was a bar to any relief.

*Error from Shawnee District Court.*

INJUNCTION brought by *Sweet* against *F. G. Hentig, A. H. Hentig,* and *W. B. Disbrow,* as sheriff, etc., to restrain the collection of the remainder apparently due defendant *F. G. Hentig* upon a certain judgment against the plaintiff, and to obtain an order that the said *F. G. Hentig,* for himself and as attorney for *A. H. Hentig,* enter upon the records of the court aforesaid, full satisfaction of said judgment. The nature of the action, and the facts, sufficiently appear in the opinion. Trial at the May Term, 1880, of the district court, and judgment for the defendant. The plaintiff brings the case to this court.

*Rossington & Smith,* for plaintiff in error.

*Hentig & Sperry,* for defendants in error.

32—24 KAS.

The opinion of the court was delivered by

BREWER, J.: This is a case in which to a charge of conduct unprofessional and dishonest, the defendant pleads the statute of limitations as the single barrier to plaintiff's right to relief. The facts are these: In 1874, plaintiff was an accommodation indorser upon a note executed to the brother of defendant, but which in fact belonged to defendant. Suit was brought upon this note. Pending the suit, at the request of defendant, plaintiff paid him several hundred dollars, upon his promise to credit that amount upon the claim, and take judgment for only the balance. There being no defense, no answer had been interposed. Notwithstanding the receipt of the money and the agreement, defendant took judgment for the whole amount due upon the face of the paper. The maker being insolvent, the principal burden of payment rested upon the plaintiff. Soon after the entry of judgment, plaintiff ascertained that it had been entered for the wrong amount, and spoke about it to defendant, who promised to make the correction, and allow the prior payment in the final settlement of the judgment. Payments were made from time to time, and the defendant frequently repeated his promise. This ran along until over four years had passed, when defendant refused to credit that payment, and demanded the full balance due upon the face of the judgment. True, defendant offered to credit the payment, provided plaintiff would pay an exorbitant, illegal and usurious interest, to wit, 18 per cent. per annum, but the condition was simply a different manner of expressing the refusal. Thereupon plaintiff, after payment of all save a sum equal to the amount paid before judgment and improperly incorporated in it, brought injunction to stay the further collection. Upon these facts alone plaintiff does not question the sufficiency of the statute of limitations as a defense. He knew of the wrong shortly after its perpetration, and for many years took no legal measures to redress it. His action was one for relief on the ground

of fraud, and he did not commence it within two years from the discovery of the fraud. (*Young v. Whittenhall*, 15 Kas. 579.)

But the contention is, that this is a peculiar case — that other facts appear which excuse plaintiff's delay, and give him a right to relief, notwithstanding the lapse of time. These facts are, that defendant was the attorney of the Kansas Loan and Trust Company, of which plaintiff was president, and, to quote from the petition, "That on account of such relationship, the said F. G. Hentig occupied a very close and confidential business relation with this plaintiff, occupying the same office as the Kansas Loan and Trust Company, and as this plaintiff did; that for some years previous there were intimate relations in financial transactions between said F. G. Hentig and this plaintiff, and said Hentig, on account of these associations and transactions, had been and was a confidential adviser of this plaintiff; and said plaintiff further avers that on account of said intimate and confidential relationship existing between said F. G. Hentig and this plaintiff, that said plaintiff had a right to and did rely upon the representations made by the said F. G. Hentig, that said payment so as aforesaid made would be credited upon the judgment rendered in said action, and that on account of such reliance this plaintiff did not move to set aside said judgment and have said credit allowed. And said plaintiff further avers and believes that said Hentig made the representations heretofore set up, and used his confidential relation with the intent to mislead this plaintiff and to defraud him of his rights in the premises, and to prevent said plaintiff from having said judgment opened up and set aside."

Do these facts take the case out of the general rule? They doubtless paint with a deeper shade of black the moral qualities of defendant's acts, but do they prolong or increase plaintiff's legal or equitable rights? The question is not, ought the defendant to suffer for his misdeeds, for in all cases of fraud the wrong-doer deserves punishment, no mat-

ter when the fraud was committed. But may the plaintiff, who knows of a wrong committed upon him, excuse his delay in seeking redress by the wrong-doer's promises to repair the wrong, and the intimate personal relations subsisting between himself and such wrong-doer? We do not understand that the defendant was the attorney of plaintiff, and certainly not in this transaction. He was the attorney of a company of which plaintiff was president; they occupied the same office, had intimate personal and business relations, and in business transactions defendant was his confidential adviser. In the particular matter in dispute their interests were opposed, yet because of their intimacy in other matters, plaintiff relied upon defendant's promises to rectify the wrong. There was no trust relationship in this transaction. Each knew that in this they occupied antagonistic positions. Yet generally they were intimate friends. The plaintiff trusted his friend, and that friend betrayed him. We wish that we could see our way clear to interpose the strong arm of the law, and give redress. But we cannot see anything to justify us in declaring this outside the general rule. Take an illustration or two: Suppose defendant owed plaintiff on a note or account; because of their intimate personal relations, plaintiff delays suit, trusting to defendant's repeated parol promises to pay, till the statute of limitations has run; can the courts, because of defendant's perfidy, disregard the statute, and enforce the collection? Or, suppose the defendant, as attorney for plaintiff, had collected money for his client: could the client, aware of this collection, through friendship, delay proceedings, and still get around the statute? Though wrong and injustice may result in individual cases, yet public policy upholds this statute of repose. Exceptions must rest upon some established principles; and a mere betrayal of friendship, a breach of obligations resting upon intimate business relations outside of the particular transaction, is not sufficient to establish an exception. Even in criminal prosecutions, time is an essential factor — no less so in the enforcement of civil rights.

And while we regret the result, we can only say, *ita lex scripta est.*

The judgment will be affirmed.

All the Justices concurring.