The opinion of the court was delivered by
Horton, C. J.:
After the decision of this court in this case, reported in 24 Kas. 497, a second amended petition was filed, in which it was alleged among other matters, that the note and judgment are, and always have been, the property of A. H. Hentig; and that said A. H. Hentig is now, and always has been since the rendition of said judgment, a nonresident of the state of Kansas, and out of and' beyond the limits of the state of Kansas, and a resident of the state of Michigan, and has never been in the state since the rendition of said judgment. After an answer to such amended petition had been filed, and a reply to such answer had been made, the case was disposed of by the trial court without the intervention of a jury. Judgment was rendered in favor of the plaintiff, decreeing a perpetual injunction to stay the further collection of the judgment. Plaintiffs in error (defendants below) excepted, and bring the ease here. When the case was before us at the former hearing, the defendants pleaded the statute of limitations as the single barrier to plaintiff’s right to relief. The petition then before us alleged that the plaintiff was an accommodation indorser upon a note executed to A. H. Hentig, but which in fact belonged to his brother, a resident of Kansas. We then held,-that as' the action was one for relief on the ground of fraud, and that as plaintiff did *174 not commence it within two years from the discovery of the fraud, the statute of limitations was a valid defense. We further held, that the facts averred in the petition to excuse the plaintiff’s delay were not sufHcieht to give him a right to relief after the statute of limitations had run. The allegation in the petition, and also in the reply, that the defendant A. H. Hentig is and has been out of the state since the rendition of the judgment on the 26th day of May, 1875, which upon trial was supported by the evidence, removes the bar of the statute of limitations from the case so successfully pleaded on the former hearing. (Code, § 21; Bonifant v. Doniphan, 3 Kas. 26.) The principal question for our consideration now is, whether the district court had the power in the exercise of its equitable jurisdiction, upon the pleadings and evidence before it, to interfere by injunction to restrain A. H. Hentig from ayailing himself of the whole judgment, notwithstanding the payments made to him on the note, and the promise of his attorney and agent, made pending suit, to credit the amounts paid upon the claim, and take judgment for only the balance. The counsel for plaintiffs in error contends that there is no equity in the petition, and refers to the well-settled principle that before a court of equity will enjoin a judgment at law, the party seeking the aid of the court must show some good reason for not having made his defense at law, and in this case he asserts no adequate excuse is averred in the petition for the failure to make the defense of part payments on the note. In brief, counsel urges that Sweet has been guilty of laches', has neglected to make his legal defense in an action at law, and therefore cannot now be heard in a court of equity to disturb or enjoin the judgment rendered in an action at law. Ordinarily, the proposition contended for is sound, and well supported by the authorities; but here, equitable jurisdiction is asserted to prevail against a fraud committed, according to the allegations of the petition, in obtaining judgment for the whole amount stated upon the face of the note, when in fact several hundred dollars had been paid thereon upon the assurances pending the litigation that such sums *175 would be credited before the rendition of the judgment; therefore a question is presentecLfor our consideration different from the one claimed to be in issue on the part of the plaintiffs in error. Of course, if no fraud had been committed in obtaining the judgment for the amount rendered therein, the enforcement of such judgment could not legally be stayed, because all judgments properly rendered by a court having jurisdiction of the cause and of the parties are conclusive between those parties, but among the grounds of equitable jurisdiction is the relief against frauds in verdicts, judgments, decrees, and other judicial proceedings. (1 Story’s Eq. Jur., § 252.) Again, equity will relieve by injunction where a judgment has been obtained by undue advantage. (Davis v. Tilleston, 6 How. 114; Moore v. Gamble, 1 Stockton Ch. Rep. 246.) Again, where the defendant is prevented from taking proper measures to defend the action, by the fraudulent assurances of the plaintiff that the suit shall be carried no further, or that no defense is necessary, equity will interfere to prevent the guilty party from profiting' by his own fraud. (2 Story’s Eq. Jur., [7th ed.,] §§173, 887; High on Inj., [2d ed.,] §§190-201; Dunnahoo v. Holland, 51 Ga. 147; Bresehan v. Price, 57 Mo. 422; Carrington v. Holabird, 17 Conn. 530; Pearce v. Olney, 20 Conn. 544.)
Now, under the facts disclosed in this case, assuming the general findings of the court to be conclusive — and we are bound by such findings, as the judge of the district court was the trier of the facts, and had the witnesses before him — it was shown to be against conscience to allow the judgment to be collected to the full amount of the face. Several hundred dollars had been paid after the commencement of the action on the note, and A. H. Hentig had promised, pending the suit, to credit the payments upon the claim, and to take judgment for only the balance. We say A. H. Hentig had done these things, because in law he is bound by the acts and conduct of his attorney and agent when he attempts to enforce a judgment thus obtained. The injured party has shown that the reason he did not go into court and set up such payments *176 was, that he was prevented from so doing by the fraudulent assurances of the attorney and agent of the plaintiff who obtained the judgment; and, taking all the facts together, we cannot say that he was negligent in relying upon the promises and assurances so given to him pending the litigation. It appears that the judgment was partially unfounded, and that an undue advantage was obtained in taking judgment for more than the balance due on the note, and therefore it is unconscientious for the plaintiff in that judgment to pursue .it to the recovery of the moneys paid to him before the judgment, and promised, pending the suit, to be duly credited. This unfair advantage was gained over defendant in error pending litigation by the fraudulent assurances and promises of the agent of A. H. Hentig, for which the latter is responsible, and thereby'a substantial right to have the claim credited with the payments made was lost to defendant in error, and this right of credit was just and equitable in itself; and therefore as defendant in error was not guilty of negligence in relying upon the assurances made in behalf of the party seeking the judgment, the trial court had full authority to restrain the collection of the judgment upon payment of all save a sum equal to the amounts paid before judgment, and improperly incorporated in it. On the trial, T. B. Sweet was asked if a pleading filed in another case pending in the district court against him was his answer. He replied that it was prepared by his attorneys, and signed by them. An attempt was made to introduce this answer as evidence, and the district court refused to admit it. It is claimed that it should have been received, in order to contradict certain statements made by Sweet upon the trial; and also upon the principle of estoppel, as in such answer it was alleged that the judgment attempted to be enjoined was correctly rendered. ' Neither of the positions seems to us to be tenable, and no material error was committed by the court in refusing to receive the answer as evidence. Nothing in the way of the doctrine of estoppel as to Sweet appears by the answer or in the proceedings in the suit of A. C. Huidekoper *177 v. The Topeka Rolling Mill Co. Sweet is entitled to the full amount recovered in that case, because, from the evidence, he has paid that amount. This suit was instituted to prevent a double collection of a portion of the note, not to reduce the amount originally due on the note. As Sweet did not sign or make oath to the answer, he cannot be impeached by any statement ignorantly or erroneously incorporated in it by his attorneys. For many purposes he may be bound in law by the answer and the legal results flowing therefrom • but, as presented in the trial court, it was not competent as impeaching testimony. Upon the questions of fact in issue between the parties, we have already stated that we are bound by the findings of the trial court. While there is a great conflict in the evidence, there seems to have been some evidence to sustain these findings, and we cannot, within the decisions of this court so often announced, overthrow them or avert their legal effect.
The judgment of the district court will be affirmed.
All the Justices concurring.