## WASHINGTON COUNTY.

———◆———

JERRY A. WRIGHT vs. HENRY C. CARD.

Judgment was given for a defendant in replevin. The plaintiff appealed and entered his appeal.

In the appellate court judgment of nonsuit was given in favor of the defendant in replevin and without a "complaint" made by said defendant for judgment in his favor.

*Held*, that the judgment of nonsuit was proper.

In debt on a bond the plea set up matters of confession and avoidance, and then averred general performance.

*Held*, that the plea was bad and rightly stricken out.

When an action at law is brought to charge or to affect the defendant by a judgment previously rendered in another action to which he was not a party, he may always show by plea or proof that the judgment was procured by fraud or collusion, and is void against him.

What allegations are required in a plea setting up such fraud and collusion.

EXCEPTIONS to the Court of Common Pleas.

*Providence, February* 21, 1890.   DURFEE, C. J.   This is debt on a replevin bond, wherein one Walter A. Howard, plaintiff in replevin, was principal, and Herbert Coy and the defendant were sureties.   The penal sum was $50.50.   The condition was, that the bond should be void if said Howard should prosecute the writ to final judgment, pay such damages and costs as Jerry A. Wright, defendant in replevin and plaintiff in this action, should recover against him, and return and restore the replevied goods in like good order and condition as when taken, in case such should be the final judgment, but otherwise should remain in full force.   It appears from the pleadings that the action of replevin was begun February 24, A. D. 1882, in the justice court of the town of Westerly; that the defendant in replevin there recovered judgment; that the action was appealed to the Court of Common Pleas for Washington County, and that there the plaintiff in replevin was nonsuited, and judgment rendered for the defendant against him for return and restoration and for $29.88 costs.   The breaches of the bond alleged are, neglect to prosecute the replevin suit to final judgment, and neglect to return the goods or pay the costs pursuant to said judgment.   The defendant sets up various defences by motion and plea, which, on trial in the Court of Common Pleas

by the court, jury trial being waived, were overruled, and judgment rendered for the plaintiff. The case comes up before us on exceptions for error in the rulings.

The first exception is, because the court below overruled the defendant's motion to dismiss the action. Three reasons were assigned for the motion, to wit: *first*, that judgment was rendered in favor of said Wright in said replevin suit on nonsuit before any complaint was filed therein; *second*, that said judgment was rendered on nonsuit; and *third*, that said judgment was not such as the statute authorizes, because no damages for detention of the goods replevied were included, and no writ of return and restoration was awarded. We do not think the court below erred in overruling the motion. The first reason has reference to the statute, Pub. Stat. R. I. cap. 235, § 5, which provides that, " whenever any plaintiff in replevin shall neglect to enter and prosecute the suit, the defendant, upon complaint, shall have judgment," etc. Here the plaintiff in replevin did enter and prosecute his suit, so that there was no need of any complaint to bring the matter before the court. We do not think that any formal or written complaint is necessary after entry to authorize judgment for defendant. Nor. do we see any reason why a plaintiff in replevin may not be nonsuited, or why thereupon judgment may not be entered against him, as for failure to establish his claim. And that this may be, see Wells on Replevin, § 495 ; *Timp* v. *Dockham*, 32 Wisc. 146, 153. And finally we do not think the judgment is void because it does not include damages or award return and restoration. The omission does not harm the plaintiff in replevin or his sureties, but on the contrary benefits them. The damages and the writ of return and restoration are for the benefit of the defendant in replevin, and he may therefore waive them if he sees fit. *Gardiner* v. *Mc-Dermott*, 12 R. I. 206.

The second exception is, because the court below, on the plaintiff's motion, struck out the defendant's first plea. Said plea set up, in the first place, that the plaintiff had, during the pendency of the suit in replevin in the Court of Common Pleas, entered into an agreement with Howard, the plaintiff in replevin, without the defendant's knowledge or consent, that the suit in replevin should not be prosecuted to final judgment, and should go no further;

and that the defendant, in consequence of said agreement and of his ignorance thereof, had lost his opportunity to secure himself from loss, as he might otherwise have done, said Howard having absconded. Said plea, in the latter part thereof, set up that the defendant had well and truly kept and performed all the conditions and agreements of said bond, which on his part were, or ought to be, kept and performed according to the true intent and meaning thereof. The ground of the motion to strike out was, that the plea was bad for repugnancy. We think the motion was properly granted. The defendant, in the beginning of his plea, pleads, by way of confession and avoidance, matters which he claims operated to release him from his liability as surety for the breaches alleged, thus in effect admitting the breaches, and later pleads general performance, thus in effect traversing or denying them. The two parts are clearly repugnant. A plea, it has been said, which contains repugnant allegations respecting matter of substance, is bad on general demurrer; for the allegations neutralize and destroy each other. Gould on Pleading, § 173; 1 Chitty on Pleading, *255; Stephen on Pleading, *377.

The third exception is, because the court below sustained the plaintiff's demurrer to the defendant's second plea, and overruled said plea. Said second plea was, that "the plaintiff of having and maintaining his said action against the defendant, *except for nominal damages only*, ought to be barred," etc., because, the plea avers, the goods replevied belonged, not to the plaintiff, but to said Howard. We think the plea was rightly overruled. It is laid down in Chitty, that, if a plea begins by professing to answer only a part of the action, and does answer only a part, it is good so far as it goes, and the plaintiff cannot demur, but must take judgment for the unanswered part. 1 Chitty on Pleading, *549. This does not authorize the defendant's second plea; for said plea did not profess to answer, and did not in fact answer, either or any part of either of the breaches alleged, but only set forth matter which, on the chancerization of the bond, would be properly considered in mitigation of damage, though even in that respect it could not rightly reduce the $29.88 costs, which is in itself more than merely nominal damages. *Sherry* v. *Foresman*, 6 Blackf. 56.

The fourth and last exception is, because the Court of Common

Pleas sustained the plaintiff's demurrer to the defendant's fourth plea, and overruled said plea. The fourth plea sets up that the defendant ought not to be charged " because the said failure of said Walter A. Howard to prosecute said writ of replevin to final judgment, and the said pretended judgment that was rendered therein by the said Court of Common Pleas in favor of the said Wright, and against the said Howard, were brought about, induced, and procured and obtained by the said Wright by fraud and covin upon his part, in that, after making an agreement with said Howard that said writ should not be further prosecuted, and that the same should proceed no further in said Court of Common Pleas, and after the receipt and acceptance by the said Wright from the said Howard of the sum of five dollars, and the promise of said Howard to pay him an additional sum of ten dollars, as the consideration of said agreement, and after inducing the said Howard to leave the State and abscond therefrom, he, the said Wright, did fraudulently, and in violation of said agreement, obtain said pretended judgment in said Court of Common Pleas, to the manifest wrong and injury of the defendant," etc.

The plaintiff objects to the plea on two grounds, to wit: *first*, because it is insufficient in its allegations; and *second*, if it be sufficient, because the fraud alleged is not a good defence at law, but can only be availed of in equity. We do not think the second ground is tenable. There are cases which hold that even for fraud a judgment cannot be collaterally impeached at law by any person who is a party to it, but the rule does not extend to third persons, who cannot proceed directly to have the judgment set aside. It is always competent for such a person, when the attempt is made in an action at law to charge or affect him by such judgment, to show in the same action by plea or proof that the judgment is void as against him because procured by fraud or collusion. *Great Falls Manufacturing Co.* v. *Worster*, 45 N. H. 110; *Annett* v. *Terry*, 35 N. Y. 256; *Sidensparker* v. *Sidensparker*, 52 Me. 481; 83 Amer. Decis. 527; *DeArmond* v. *Adams*, 25 Ind. 455; *Downs* v. *Fuller*, 2 Metc. 135; *Fermor's Case*, 3 Rep. 77. And that the matter of the fourth plea, if well pleaded, may amount to fraud, see *Hentig* v. *Sweet*, 27 Kans. 172; *Murphy* v. *Smith*, 86 Mo. 333; Bigelow on Fraud, p. 90.

We think the first objection is better taken. It is not clear to us that the plea in its specific allegations shows anything more than that the plaintiff took the judgment against Howard after making the agreement set forth, in violation thereof. It is true that the plea avers also that the plaintiff took the judgment after inducing Howard to abscond, but it does not aver that he induced him to abscond for any purpose connected with the suit in replevin, or that Howard left the State by reason of the agreement when but for the agreement he would not have left, and that the plaintiff, knowing this, and with intent to defraud him, took advantage of his absence to procure the judgment without his knowledge; nor even that Howard was still absent when it was taken, and ignorant that it was taken. It seems to us that at least some averments such as these were necessary.

The record does not show upon what ground the demurrer was sustained, but it seems the more probable that it was on the second ground, since if it had been on the first the defendant would have been likely to have got leave to amend the plea. We think, therefore, that, while we overrule the exception on account of the technical insufficiency of the fourth plea, we ought nevertheless to defer final judgment, so as to allow the defendant opportunity to move for leave to amend, and then, if he so moves, to take such further action as justice may require. We think we are fully warranted in so proceeding by the large remedial provisions of our statute, Pub. Stat. R. I. cap. 220, § 20 ; for it declares that, where a case has been brought up to this court by bill of exceptions, this court " may take such order therein as the Court of Common Pleas ought to have done, and shall cause such other proceedings to be had in the cause as to law and justice shall appertain." We will therefore overrule the first three exceptions, and in regard to the fourth take order as above indicated.

*Albert B. Crafts*, for plaintiff.

*Sheffield Greene*, for defendant.