# IN THE MATTER OF THE PETITION OF Y. ANIN FOR A WRIT OF HABEAS CORPUS.

## ORIGINAL.

ARGUED FEBRUARY 7, 1906.      DECIDED FEBRUARY 7, 1906.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

HABEAS CORPUS—*contempt—refusal to answer question of grand jury because self incriminating and immaterial—adjudication in defendant's absence.*

The petitioner, having refused to answer the grand jury's question whether he was maintaining a gambling game on the grounds that it might injure him to answer and that the question was immaterial, was cited to appear and appeared before the judge to show cause why he should not be punished for contempt. The judge, after hearing the case, orally sentenced him to ten days' imprisonment or until he should purge himself of contempt by answering the question. Upon the afternoon of the same day the judge signed an order which was filed the following day formally adjudging the relator to be guilty of contempt and sentencing him as aforesaid, it not appearing that the defendant was then present. Held: The witness could be compelled to answer, as the statute exempts him from prosecution on account of his testimony and as a witness has no privilege at common law to decline to answer immaterial questions; also, the adjudication was properly made although the defendant was not present.

## ORAL OPINION.

HARTWELL, J. There are three questions requiring adjudication in this case, namely: (1) Upon the relator's claim that he could not be required to answer the question propounded to him by the grand jury, because to do so might incriminate himself; and (2) because the question was upon an immaterial matter; and (3) that no adjudication of contempt was made.

At the argument on the second question, I drew the attention of counsel to legislation upon the subject in certain states, and to the rule of common law, in the absence of controlling legislation, that a witness is not privileged to decline to answer an immaterial question.

It is stated in Wigmore on Evidence, Sec. 2210, that there are nine states and one territory which have such legislation superseding the common law. For instance, the California statute, which, I take it, is a specimen of the legislation in other states, requires not only that the witness answer questions legal and pertinent to the matter in issue, but that it is his right to be protected from irrelevant questions and to be examined only as to matters legal and pertinent to the issue. The states having such legislation are California, Idaho, Oregon, Georgia, Alabama, Montana, Mississippi, Utah and Nevada.

The common law rule being in force here, the fact that the question was immaterial, if it was so, which we do not decide, would not make the restraint illegal. The effect of the statute which precludes prosecution of a witness in consequence of testimony he may give which might incriminate himself is to take from him the privilege of declining to answer on that ground. That leaves for consideration the objection that no judgment was entered.

In habeas corpus it is only when a judgment is void that the party restrained of his liberty is set at large. This rule has been laid down in several decisions, as, for instance, *Ex parte Oriemon,* 13 Haw. 107. The writ is not used to correct errors. The circuit court had jurisdiction of the general subject of contempts, of the particular contempt charged and of the defendant's person when the charge was made and considered. The return recites that at two o'clock in the afternoon of February 1, the defendant being present in the court room as commanded by the citation, and no good cause being shown to the court by him why he should not be punished for contempt, it was ordered and adjudged that he was guilty of contempt and sentenced to imprisonment and jail for the term of ten days or until such time as he should purge himself of such contempt.

We are not sure that the oral testimony that at the end of the argument, and in the defendant's presence, the judge said "The defendant is sentenced to imprisonment for ten days or until he purges himself of the contempt," but did not then adjudge the defendant guilty of contempt, refers to this afternoon proceeding; but taking the testimony as showing that the defendant was not present when this particular judgment I have referred to was signed, or on the next day when it was filed, the question therefore is whether the judgment under such circumstances could be pronounced in the absence from the court room of the defendant. We think that the *Terry* case disposes of the question. *Ex parte Terry,* 128 U. S. 289. The fact in that case was that Terry had gone out of the court room into another room in the building when the adjudication of contempt was made.

This judgment then cannot be declared to be void. The petitioner is remanded accordingly.

A. S. *Humphreys* and F. E. *Thompson* for the petitioner.

F. W. *Milverton, Deputy Attorney General,* for the Territory.