IN THE MATTER OF THE APPLICATION OF JOE ABREU OF PAIA, COUNTY OF MAUI, TERRITORY OF HAWAII, FOR A WRIT OF HABEAS CORPUS.

## No. 1476.

### ERROR TO CIRCUIT JUDGE SECOND CIRCUIT.
### HON. D. H. CASE, JUDGE.

ARGUED MAY 9, 1923.                    DECIDED JUNE 29, 1923.

### PETERS, C. J., PERRY AND LINDSAY, JJ.

COURTS—*jurisdiction—district courts—violations of National Prohibition Act.*

Under the Act of Congress of November 23, 1921, supplementing the National Prohibition Act, the district courts of Hawaii have jurisdiction of criminal cases in which the defendants are charged with a first offense of manufacturing intoxicating liquor contrary to the provisions of the National Prohibition Act.

HABEAS CORPUS—*nature of remedy—not a writ of error.*

The writ of *habeas corpus* cannot be made to perform the office of a writ of error.

SAME—*grounds of illegality—insufficiency of charge.*

On *habeas corpus* the court examines only into the power and authority of the court restraining the petitioner to act, and not the correctness of its conclusions. This rule applies when the ground of attack is that in the charge an essential ingredient of the offense is not set forth. The inquiry in such case is not whether there is in the indictment such specific allegation of the details of the charge as would make it good on demurrer, but whether the indictment describes a class of offenses of which the court has jurisdiction and alleges the defendant to be guilty.

SAME—*failure to defend in trial court.*

A defendant in a criminal case cannot reserve defenses which he might make on the trial and use them as a basis for *habeas corpus* proceedings to attack the judgment after trial and verdict of guilty. It would introduce confusion in the administration of justice.

In the district court of Makawao, island of Maui, the plaintiff in error pleaded guilty to a charge that "at Paia in the district of Makawao, County of Maui, Territory of Hawaii, on the 15th day of January, A. D. 1922, he did manufacture intoxicating liquor, contrary to the provisions of the National Prohibition Act as amended by an act supplemental to the National Prohibition Act, approved November 25, 1921." Upon this plea he was sentenced to pay a fine of $500 and in default of payment of the fine was committed to jail. Subsequently, upon his application, the circuit judge of the second circuit issued a writ of *habeas corpus* intended to test the legality of the detention. The Territory moved to quash the writ upon the grounds, among others, "that the petition affirmatively showed that the issuance of said writ was for the purpose of reviewing the alleged errors and irregularities of a court having jurisdiction over the present subject-matter" and "that the petition affirmatively showed that the petitioner was lawfully in the custody of the respondent under a mittimus issued by the district magistrate of Makawao." The circuit judge held that, "it appearing from the record in said cause and the laws of the United States and of the Territory applicable thereto that in the proceedings before the district magistrate of Makawao the said district magistrate had jurisdiction of the offense charged and of the defendant and it further appearing that the proceedings before the district magistrate were not void," the motion to quash should be granted and quashed the writ. Thereupon the plaintiff in error sued out a writ of error assigning, *inter alia,* the following as errors: That the "verdict" was contrary to law in that the petitioner pleaded guilty to a charge which did not state a violation of any law of the Territory of Hawaii; that the charge did not set forth any crime against the laws of the Territory of Hawaii,

"but a crime against the laws of the United States;" that the petitioner "was not informed of the charge against him;" that "the United States of America should have been plaintiff in the case instead of the Territory of Hawaii;" and that the circuit judge erred in holding that the magistrate had jurisdiction of the defendant and of the offense charged.

One of the contentions advanced is that the United States and not the Territory should have been the plaintiff in the proceeding before the district magistrate. Upon the record now before us it does not appear who the plaintiff was nor does it appear that the charge or any other document in those proceedings was entitled at all; but it may be that the substantive claim intended to be advanced under this contention was that the district magistrate of Makawao had no jurisdiction to hear and determine charges of the violation of the provisions of the National Prohibition Act. This latter point is sufficiently raised by the assignment that the circuit judge erred in holding that the district magistrate had jurisdiction of the offense charged; and particularly, since the same point is being raised in other criminal cases from the same circuit now pending in this court, it would seem desirable to pass now upon the question.

The Act of Congress of November 23, 1921, supplementing the National Prohibition Act, provides that "This Act and the National Prohibition Act shall apply not only to the United States but to all territory subject to its jurisdiction, including the Territory of Hawaii and the Virgin Islands; and jurisdiction is conferred on the courts of the Territory of Hawaii and the Virgin Islands to enforce this Act and the National Prohibition Act in such Territory and Islands." The only reasonable construction of this provision is that the jurisdiction mentioned is conferred upon those courts of Hawaii which,

under the laws of the Territory of Hawaii, have jurisdiction of similar offenses. The manufacturing of intoxicating liquor fit for use for beverage purposes is prohibited by the National Prohibition Act and its amendments; so also the manufacture of intoxicating liquors not fit for use for beverage purposes is prohibited save under certain specified circumstances. The penalty for a first offense of manufacturing liquor is, as prescribed by the act in question, a fine of not more than $1000 or imprisonment not exceeding six months. In the case at bar the offense is not charged as being a second offense and therefore will be presumed to be a first offense. Under our statutes, district magistrates have jurisdiction in all criminal cases where the offense charged is "punishable by fine, or by imprisonment not exceeding one year whether with or without hard labor or with or without fine." R. L. 1915, Sec. 2299. The Organic Act, in Section 11, provides that "the style of all process in the Territorial courts shall hereafter run in the name of 'The Territory of Hawaii,' and all prosecutions shall be carried on in the name and by the authority of the Territory of Hawaii." In conferring jurisdiction over violations of the Prohibition Act on "the courts of the Territory of Hawaii," Congress must clearly have intended that that jurisdiction should be exercised by the appropriate courts of the Territory in the usual manner in which similar jurisdiction is exercised by them and with the machinery at their command. No new machinery for the purpose was created by the act of Congress. The command of Section 11 of the Organic Act as to the title of process is to be observed irrespective of who may be the plaintiff in any particular case. In all cases in which process is lawfully issued by the courts of the Territory, that process shall run in the name of The Territory of Hawaii. The provision is sufficiently broad to include cases of violation

of a Federal statute brought within the jurisdiction of our local courts by express enactment of Congress.

The only other contention advanced in argument is that the charge does not sufficiently set forth facts constituting a violation of the National Prohibition Act, and, more specifically, that it is not stated in the charge that the intoxicating liquors were fit for beverage purposes. The case presented is one in which the trial court had jurisdiction, as above stated, of the subject-matter and of the person of the defendant. Under these circumstances the circuit judge was correct in holding that the judgment, even though perhaps voidable was not void, and that the writ of *habeas corpus* should be quashed. It may be assumed that the charge was defective in the respect claimed; but it does not follow that relief can be had on *habeas corpus*. It is well established in this jurisdiction that a writ of *habeas corpus* cannot be used for the purposes of a writ of error and that it does not lie to correct mere errors or irregularities in the proceedings below, provided only that the court whose judgment or sentence is sought to be reviewed has jurisdiction of the subject-matter and of the person of the defendant. *In re Gamaya,* 25 Haw. 414, 417; *In re Y. Anin,* 17 Haw. 338, 340; *Ex parte Smith,* 14 Haw. 245, 247; *Ex parte Oricmon,* 13 Haw. 102, 106, 107; *In re Titcomb,* 9 Haw. 131, 134. See also *In re Pūpiilani,* 7 Haw. 95. "In *habeas corpus* it is only when a judgment is void that the party restrained of his liberty is set at large.   *   *   *   The writ is not used to correct errors." *In re Y. Anin, supra.* "*Habeas corpus* is a collateral proceeding. In a collateral proceeding mere irregularities and errors cannot be inquired into as on appeal or error; only questions of jurisdiction can be inquired into." *Ex parte Smith, supra.* Notwithstanding these repeated rulings and others to the same effect from other jurisdictions, the application of

these rules is sometimes a difficult matter. It is some-
times difficult to determine whether a defect complained
of is jurisdictional or is at most a mere error or irregu-
larity and, at first reading at least, there seems to be
some confusion in the decided cases on the subject. It
seems to us, however, that the principle is clear that when
the acts set forth in the charge do not constitute any
offense known to the law, the court will be held to have
no jurisdiction to sentence the defendant and *habeas
corpus* will lie to relieve him from the invalid sentence;
but if, in a general, comprehensive way, the charge does
set forth an offense of a general class over which
the trial court has jurisdiction, then mere inartificiality
in the statement of the offense or the failure to include
one of the necessary ingredients of the offense will not
be corrected or relieved against on *habeas corpus*. For
example, in order to make our meaning clear: if a de-
fendant were charged with playing baseball on Sunday,
the trial court would be without jurisdiction to sentence
him because playing baseball on Sunday is not made an
offense by any statute of the Territory of Hawaii; but
if one of our statutes did prohibit playing baseball on
Sunday and if under those circumstances a charge pur-
porting to set forth the offense of playing baseball on
Sunday should be entered against a defendant, then a
mere defect in the statement of the offense would not be
ground for interference by writ of *habeas corpus*. The
district magistrate of Makawao had jurisdiction of the
general class of offenses relating to violations of the
National Prohibition Act. The charge against the plain-
tiff in error clearly was an attempt to set forth a vio-
lation of that act. The charge was that the defendant did,
at a time and place stated, manufacture intoxicating
liquor "contrary to the provisions of the National Prohi-
bition Act, as amended by an act supplemental to the

National Prohibition Act approved November 25, 1921."
It was the equivalent of a charge that the defendant, at
the time and place stated, did *unlawfully* manufacture
intoxicating liquor. This is a comprehensive statement
sufficient to challenge the attention of the district magis-
trate of Makawao and sufficient to justify the magistrate
in exercising the power vested in him by law to hear and
adjudge all questions of law as well as of fact arising
upon that charge. It was sufficient to justify him in exer-
cising the power to adjudge *in limine* the question of law,
whether the charge was defective or was sufficient,—
whether, in other words, the charge sufficiently set forth
the acts or facts necessary to constitute a violation of the
National Prohibition Act. That is what jurisdiction is—
the power to hear and decide a case of that particular
class; and to the vesting of that jurisdiction, it was not
essential that the charge should not be inartificial or that
it should be free from defects or that it should not have
omitted to state one of the necessary ingredients of the
offense described in the prohibition act. All such defects
can be properly raised by appeal or writ of error but they
cannot be reviewed on *habeas corpus.*

These principles have been often declared and applied
in other jurisdictions.

"Whether an act charged in an indictment is or is not
a crime by the law which the court administers (in this
case the statute law of the United States), is a question
which has to be met at almost every stage of criminal
proceedings; on motions to quash the indictment, on de-
murrers, on motions to arrest judgment, &c. The court
may err, but it has jurisdiction of the question. If it
errs, there is no remedy after final judgment, unless a
writ of error lies to some superior court; and no such
writ lies in this case. It would be an assumption of
authority for this court, by means of the writ of *habeas*

*corpus,* to review every case in which the defendant attempts to controvert the criminality of the offense charged in the indictment." *Ex parte Parks,* 93 U. S. 18, 20. If it be said that in this case and perhaps in some other cases decided in the Supreme Court of the United States the decisions were affected by the fact that the Supreme Court had no. jurisdiction by writ of error or other form of appeal to review the decisions of the trial courts, the obvious answer is, first, that not all of the decisions of that court can be explained in that way, and, second, that if, where there is no remedy by writ of error or appeal, the appellate court will not interfere by *habeas corpus,* how much more clearly ought that to be so where, as in Hawaii, the appellate court has the power to review by writ of error or appeal. "But it is equally well settled that when a prisoner is held under the sentence of any court of the United States in regard to a matter wholly beyond or without the jurisdiction of that court, it is not only within the authority of the Supreme Court, but it is its duty to inquire into the cause of commitment when the matter is properly brought to its attention, and if found to be as charged, a matter of which such a court had no jurisdiction, to discharge a prisoner from confinement." *Ex parte Yarbrough,* 110 U. S. 651, 653. In other words, the mere fact that in some of its cases the Supreme Court of the United States had no jurisdiction to review by writ of error does not explain its failure to review upon *habeas corpus.* The decisions are still of great value as showing that mere defects in the charge or indictment do not constitute a lack of jurisdiction on the part of the trial court.

"Whether the indictment sets forth in comprehensive terms the offense which the statute describes and forbids, and for which it prescribes a punishment, is in every case a question of law, which must necessarily be

decided by the court in which the case originates, and is therefore clearly within its jurisdiction.

"Its decision on the conformity of the indictment to the provisions of the statute may be erroneous, but if so it is an error of law made by a court acting within its jurisdiction, which could be corrected on a writ of error if such writ was allowed, but which cannot be looked into on a writ of *habeas corpus* limited to an inquiry into the existence of jurisdiction on the part of that court." *Ex parte Yarbrough,* 110 U. S. 654. In the case at bar the sole question is whether the charge conforms to the provisions of the statute. Assuming that it does not, the particular criminal case in question was, nevertheless, within the jurisdiction of the trial court to hear and decide.

"In all such cases, when the question of jurisdiction is raised, the point to be decided is, whether the court has jurisdiction of that class of offenses. If the statute has invested the court which tried the prisoner with jurisdiction to punish a well defined class of offenses, as forgery of its bonds or perjury in its courts, its judgment as to what acts were necessary under these statutes to constitute the crime is not reviewable on a writ of *habeas corpus.*" *In re Coy,* 127 U. S. 731, 758. In the case at bar the particular question sought to be presented is whether it is sufficient to charge that the manufacture was of intoxicating liquors or whether it is necessary to further charge that such intoxicating liquors were fit for beverage purposes. What acts were necessary under this statute to constitute the crime?

*In re Lane,* 135 U. S. 443, 448, the indictment was so framed as to permit it to be construed as charging the common-law offense of rape or of the statutory offense of unlawfully knowing a female under sixteen years of age. In discharging the writ of *habeas corpus* the court said,

*inter alia*: "At all events, the court had jurisdiction of the prisoner, and it had jurisdiction both of the offense of rape and of carnal knowledge of a female under sixteen years of age. It was its duty to decide whether there was a sufficient indictment to subject the party to trial for either or for both of these offences."

"It was not disputed that the indictments were in substantial conformity with the statute of Alabama in that behalf, and their sufficiency as a matter of technical pleading would not be inquired into on *habeas corpus.*" *Pearce* v. *Texas,* 155 U. S. 311, 313.

"It was within the jurisdiction of the trial judge to pass upon the sufficiency of the verdict and to construe its legal meaning, and if in so doing he erred, and held the verdict to be sufficiently certain to authorize the imposition of punishment for the highest grade of the offense charged, it was an error committed in the exercise of jurisdiction, and one which does not present a jurisdictional defect, remediable by the writ of *habeas corpus.* The case is analogous in principle to that of a trial and conviction upon an indictment, the facts averred in which are asserted to be insufficient to constitute an offense against the statute claimed to have been violated. In this class of cases it has been held that a trial court possessing general jurisdiction of the class of offenses within which is embraced the crime sought to be set forth in the indictment is possessed of authority to determine the sufficiency of an indictment, and that in adjudging it to be valid and sufficient acts within its jurisdiction, and a conviction and judgment thereunder cannot be questioned on *habeas corpus,* because of a lack of certainty or other defect in the statement in the indictment of the facts averred to constitute a crime." *In re Eckart,* 166 U. S. 481, 482.

"It is also objected that the facts charged in either the first or fourth count of the indictment did not consti-

tute any offense under the statute, and that the sentence was therefore without jurisdiction. \* \* \* It is not, however, necessary in this case to decide the point, for the indictment charged enough to show the general character of the crime, and that it was within the jurisdiction of the court to try and to punish for the offense sought to be set forth in the indictment. If it erroneously held that the indictment was sufficient to charge the offense, the decision was within the jurisdiction of the court to make, and could not be reexamined on *habeas corpus*. The writ cannot be made to do the office of a writ of error. Even though there were, therefore, a lack of technical precision in the indictment in failing to charge with sufficient certainty and fullness some particular fact, the holding by the trial court that the indictment was sufficient would be simply an error of law, and not one which could be reexamined on *habeas corpus.*" *Dimmick* v. *Tompkins,* 194 U. S. 540, 551, 552.

"We find nothing in these cases to conflict with the well-established rule in this court that the writ of *habeas corpus* cannot be made to perform the office of a writ of error. \* \* \* Upon *habeas corpus* the court examines only the power and authority of the court to act, not the correctness of its conclusions." *Harlan* v. *McGourin,* 218 U. S. 442, 448.

"The only question before us is whether the police court had jurisdiction. A *habeas corpus* proceeding cannot be made to perform the function of a writ of error and we are not concerned with the question whether the information was sufficient or whether the acts set forth in the agreed statement constituted a crime, that is to say, whether the court properly applied the law, if it be found that the court had jurisdiction to try the issues and to render the judgment." *Matter of Gregory,* 219 U. S. 210, 213. Language could not be clearer. Its ap-

plicability to the case at bar is obvious. The circumstances in that case were parallel to those in the case at bar. In that case, by information the petitioner was charged with engaging "in the business of a gift-enterprise" in violation of section 1177 of the Revised Statutes relating to the District of Columbia. In this case the charge is that the defendant manufactured intoxicating liquor in violation of another statute of the United States. In both instances the statement of the offense was probably too general to stand the test of a direct attack by demurrer; but in both instances the trial court had jurisdiction to consider and to adjudge whether the statement of the offense was sufficient and its conclusion, although erroneous, cannot be collaterally reviewed on *habeas corpus*. "The writ of *habeas corpus* cannot be made to perform the office of a writ of error. This has been decided many times, and, indeed, was the ground upon which a petition of appellant for *habeas corpus* to this court, before his trial, was decided." *Glasgow* v. *Moyer*, 225 U. S. 420, 428. Referring to the *Matter of Gregory*, 219 U. S. 210, the court continued: "we said that we were not concerned with the question whether the information upon which the petitioner. was prosecuted and convicted was sufficient or whether the case set forth in an agreed statement of facts constituted a crime—that is to say, whether the court properly applied the law—if it be found that the court had jurisdiction to try the issues and to render judgment. And for this many cases were cited. The principle is not the less applicable because the law which was the foundation of the indictment and trial is asserted to be unconstitutional or uncertain in the description of the offense. Those questions, like others, the court is invested with jurisdiction to try if raised, and its decision can be reviewed, like its decisions upon other questions, by writ of error." (This case cer-

tainly is not affected by any lack of jurisdiction to review on writ of error.) "The principle of the cases is the simple one that if a court has jurisdiction of the case the writ of *habeas corpus* cannot be employed to re-try the issues, whether of law, constitutional or other, or of fact. * * * He also in the petition attacked the indictment against him on the ground that it described no offense against the laws of the United States nor an offense 'against any valid law of the United States and afforded no justification for his imprisonment.' * * * Having remitted him to a writ of error as a remedy, it would be a contradiction of the ruling, he not having availed himself of the remedy, to permit him to prosecute *habeas corpus*. The ground of the decision was that there was an orderly procedure prescribed by law for him to pursue, in other words, to set up his defenses of fact and law, whether they attacked the indictment for insufficiency or the validity of the law under which it was found, and, if the decision was against him, test its correctness through the proper appellate tribunals. It certainly cannot be said that the district court of Delaware did not have jurisdiction of the case, including those defenses, or that its rulings could not have been reviewed by the circuit court of appeals or by this court by writ of error. It would introduce confusion in the administration of justice if the defences which might have been made in an action could be reserved as grounds of attack upon the judgment after the trial and verdict." *Glasgow* v. *Moyer*, 225 U. S. 420, 428-430.

In *Henry* v. *Henkel*, 235 U. S. 219, the House of Representatives adopted a resolution authorizing the members of a committee to investigate and report as to the financial affairs and activities of national banks and other financial institutions as a basis for remedial and other legislative purposes. The committee was authorized to

send for persons and papers and to swear witnesses. One George G. Henry was summoned, sworn and examined as a witness by this committee. He gave certain testimony without resistance but declined to answer certain other questions put by the committee, on the ground that he had the constitutional right to so decline, and on the further ground that he would "consider it dishonorable to reveal the names of his customers unless compelled to do so." The committee reported the refusal to the House for action. The House directed that the facts be laid before the grand jury of the District of Columbia. That body returned an indictment against Henry charging him with refusing to answer questions propounded by the committee. Henry was arrested and taken before the Commissioner for examination. He moved for his discharge on the ground that the Commissioner was without jurisdiction, "since it appeared on the face of the complaint that petitioner was not charged with any offense against the United States." The motion was denied and the movant was held in custody "until the district judge could issue a warrant for his removal to the District of Columbia under the provisions of" a certain statute. Thereupon Henry applied for a writ of *habeas corpus* asking for his discharge on grounds similar to those which had been presented to the committing magistrate. The district judge discharged the writ and an appeal was entered to the Supreme Court of the United States where the same objections were renewed, the appellant there insisting "that the resolution did not authorize an inquiry as to the matter about which Henry refused to testify; that the facts charged do not constitute an offense under the statute; or, if so, that the statute is void." The Supreme Court of the United States in affirming the judgment discharging the writ said, *inter alia*: "But in all these instances, and notwithstanding the variety of

forms in which the question has been presented, the court, with the exceptions named, has uniformly held that the hearing on *habcas corpus* is not in the nature of a writ of error nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, *whether they relate to the sufficiency of the indictment* or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court. If the objections are sustained or if the defendant is acquitted he will be discharged. If they are overruled and he is convicted he has his right of review" (citing many cases). The court did go on to say (p. 230), "The cases cited do not, of course, lead to the conclusion that a citizen can be held in custody or removed for trial where there was no provision of the common law or statute making an offense of the acts charged. In such case the committing court would have no jurisdiction, the prisoner would be in custody without warrant of law and therefore entitled to his discharge." We do not understand this to be in any sense a departure from or limitation of the rule repeatedly announced in the earlier cases above referred to. It is merely a restatement of what had been earlier laid down, that where there is no statute making an offense of the acts charged, relief may be had on *habeas corpus;* whereas, if there is a statute making an offense of the acts charged or attempted to be charged, the mere fact that the statement of the charge is too general or is inartificial or does not set forth one of the necessary ingredients of the offense, such insufficiency or defectiveness of the indictment cannot be inquired into on *habeas corpus.*

To the same effect are: *Riddle* v. *Dyche,* U. S. Sup. Ct., May 21, 1923; *O'Brien* v. *The People,* 216 Ill. 354, 363,

364; *State* v. *Smith,* 29 R. I. 513, 521, 522; *McLaughlin* v. *Etchison,* 127 Ind. 474; *Prohibitory Amendment Cases,* 24 Kan. 499, 516; Cooley's Const. Lim., 7th ed., p. 495; Bailey on Hab. Corp., Sec. 31; and 1 Whart. Crim. L., 11th ed., Sec. 292.

Nor is the position of the appellant in the case at bar strengthened by the fact that he did not call to the attention of the magistrate the supposed defects in the charge or by the fact that he did not pursue the ordinary and orderly procedure of appeal by exceptions or by writ of error or by the fact that the magistrate did not actually pass upon the sufficiency of the charge. A defendant in a criminal case is not at liberty to pursue such a course of silence and inaction and thereby acquire a right to a review by *habeas corpus* which he would not otherwise possess. "If the plaintiff in error" (from a judgment in *habeas corpus*) "desired the judgment of this court upon it he should have brought a writ of error to the judgment of the supreme court of the Territory which passed upon it in affirming the judgment of conviction in the trial court. He may not lie by, as he did in this case, until the time for the execution of the judgment comes near, and then seek to raise collaterally, by *habeas corpus,* questions not affecting the jurisdiction of the court which convicted him, which were open to him in the original case, and, if properly presented then, could ultimately have come to this court upon writ of error." *Kaizo* v. *Henry,* 211 U. S. 146, 148. "It would introduce confusion in the administration of justice if the defences which might have been made in an action could be reserved as grounds of attack upon the judgment after the trial and verdict." *Glasgow* v. *Moyer, supra,* at page 430.

The judgment quashing the writ of *habeas corpus* is affirmed.

*S. B. Kemp* (*E. Murphy* and *Huber & Kemp* on the briefs) for plaintiff in error.

*Wendell F. Crockett,* Deputy County Attorney of Maui (*E. R. Bevins,* County Attorney of Maui, with him on the brief), for defendant in error.