## TERRITORY *v.* K. KITAHARA.

### No. 1482.

ERROR TO CIRCUIT COURT SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

SUBMITTED JUNE 7, 1923.          DECIDED AUGUST 28, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

COURTS—*jurisdiction*—*violations of National Prohibition Act.*

Under the Act of Congress of November 23, 1921, supplementing the National Prohibition Act, a circuit court of this Territory has jurisdiction on indictments found by a grand jury drawn and impanelled within the circuit for offenses involving violations of the National Prohibition Act.

OPINION OF THE COURT BY LINDSAY, J.

The plaintiff in error was indicted by the grand jury of the second circuit for an alleged violation of the National Prohibition Act. To the indictment defendant interposed a motion to quash, a plea in abatement and a demurrer, all of which were overruled by the trial court. Upon a trial by jury defendant was found guilty and has brought error to this court.

The errors assigned are that the trial court erred (1) in refusing to grant defendant's motion to quash, (2) in failing to sustain defendant's plea in abatement and (3) in overruling defendant's demurrer. In support of his contention that the trial court erred as aforesaid it is argued by plaintiff in error that it is apparent from the indictment that the defendant is charged with a violation of the National Prohibition Act, and that the charge did not set forth any crime against the laws of the Territory of Hawaii. In other words, the contention of defendant is that, notwithstanding the Act of Congress of November 23, 1921, supplementing the National Prohibi-

tion Act, which confers jurisdiction upon the courts .of the Territory of Hawaii to enforce the National Prohibition Act within this Territory, the second circuit court had no jurisdiction in the case at bar, because the indictment was found, not by a grand jury drawn by the United States marshal, but by a grand jury drawn and impanelled in the second circuit.

The subject of the jurisdiction of the courts of this Territory to try cases involving violations of the National Prohibition Act has been thoroughly discussed by this court in *In re Abreu*, 27 Haw. 237, in which we held that: "In conferring jurisdiction over violations of the Prohibition Act on 'the courts of the Territory of Hawaii,' Congress must clearly have intended that that jurisdiction should be exercised by the appropriate courts of the Territory in the usual manner in which similar jurisdiction is exercised by them and with the machinery at their command. No new machinery for the purpose was created by the Act of Congress."

Finding no error in the record the judgment of the circuit court is affirmed.

*E. Murphy* for plaintiff in error.

*E. R. Bevins,* County Attorney of Maui, and *Wendell F. Crockett,* Deputy County Attorney of Maui, for the Territory.