CASE 11—PETITION EQUITY—DECEMBER 9.

## Yancy vs. Smith.

APPEAL FROM MADISON CIRCUIT COURT.

1. A jointure to the wife, unless expressed or intended to be in satisfaction of dower, will not bar her claim to dower. The law on this subject has not been changed by the Revised Statutes. (*Rev. Stat.*, 393, *sec.* 7; 16 *B. Mon.*, 469.)

2. Where a husband makes a gift to the wife by his will, the legal presumption is, in the absence of any expression in the will, or necessary inference therefrom, to the contrary, that he intends it to be a part of her dowable and distributable share of his estate. (*Rev. Stat.*, 281, *sec.* 13.) According to the previous law, a different presump tion prevailed.

3. A widow, whose husband died since the Revised Statutes took effect, is entitled to rents against a purchaser from him, from the time she commences her action to recover dower. (*Rev. Stat.*, 394.)

4. In an action for dower by the widow against a purchaser from the husband, the petition avers that her husband was the owner of, and held the title to the land in July, 1855, and that she was his wife at the time of his death in 1858; but does not allege that she was his wife in 1855, when the purchase was made by the defendant, or that her husband had right or title during the coverture. *Held*—That the petition is insufficient.

SQUIRE TURNER, for appellant, cited 1 *Cruise's Digest,* 162; 7 *Dana,* 174; 3 *Bacon's Ab.,* 224; 226; *Coke Littleton,* 36 *B.; Rev. Statutes,* art. 4, *sec.* 7, *page* 393; *Ib.,* 281, *sec.* 13; 41 *Law Library, Macpherson on Infants,* 532–3; 16 *B. Mon.* 551.

C. F. BURNAM, for appellee, cited *Rev. Stat.,* art. 4, *sec.* 7, *page* 393; *Cousin's Dig., vol.* 1, *tit.* 7, *chap.* 1, *sections* 7 *to* 21; 16 *B. Mon.,* 469; 5 *Mon.,* 57; 6 *Dana,* 206.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This action was brought by the appellee, to have her dower assigned in a tract of land in the possession of the appellant. Her right to dower was denied by the latter, on the ground that she had in her possession fifty-five acres of land, and a valuable negro woman and child, to which she was entitled during her life, under an instrument of writing executed in the lifetime of her husband, at his instance, he having paid for the property the sum of one thousand dollars.

That the appellee had such property in her possession, and

claimed a right to it under the instrument referred to, and that it was paid for by her husband, she does not controvert.

The instrument under which she claims the property does not contain any expression that it was intended to be in satisfaction of dower; nor was it either alleged or proved that her husband had the property conveyed to her with that intention, or for the purpose of creating a jointure to bar her right of dower.

According to the testimony the property thus conveyed to, and held by her, is in value fully equal to the dower to which she would have been entitled if no such conveyance had been made, and the property had passed into the hands of her husband, and had belonged to him at the time of his death.

It is conceded, that as the law stood before the Revised Statutes went into effect, the transfer of the aforesaid property to the wife would not have barred her claim to dower, inasmuch as it does not appear to have been made with that intention; and a jointure to the wife, to have such an effect, had to be expressed to be in satisfaction of dower. (*Bacon's Abridgment, vol.* 3, *page* 230.)

But it is contended that the law on this subject has been changed by the following provisions of the Revised Statutes, viz:

"A conveyance or devise of real or personal estate, by way of jointure, may bar the wife's dower; but if made before marriage without her consent, or during her infancy, or after marriage, she may, within twelve months after her husband's death, waive the jointure by written relinquishment acknowledged or proved before and left with the clerk of the county court, and have her dower. When she so demands and receives her dower, the estate conveyed or devised in lieu thereof shall determine and revert to the heirs or representatives of the grantor or devisor." (*Page* 393.)

"When a widow claims her dowable and distributable share of her husband's estate, she shall be charged with the value of any devise or bequest to her by his will." "Nothing herein shall preclude the widow from receiving her dowable and distributable share, in addition to any devise or bequest made to her by the will, if such is the intention of the testator, plainly

expressed in the will, or necessarily inferable therefrom."
(*Page* 281.)

The first of the foregoing provisions, which alone relates to
the question under consideration, does not purport to make any
change in the law with regard to the requisites of a valid
jointure, but was evidently designed merely to prescribe the
manner in which the jointure might be waived by the wife
after the death of the husband, when it had been made during
marriage, or before the marriage, and without her consent, or
during her infancy.

The conveyance or devise, to bar her dower, must be by *way*
of *jointure*. The term *jointure* had a well-known legal signifi-
cation, and must be presumed to have been used in the statute
in that sense. That it was so used is perfectly manifest from
the last clause in the provision, which declares, that when the
wife demands and receives her dower, the estate conveyed or
devised in *lieu thereof*, shall determine and revert to the heirs
or representatives of the grantor or devisor. The character of
the estate which may bar the wife's right to dower is here
clearly defined, and is such estate only as has been transferred
to her in lieu of dower. Unless the transfer be made in satis-
faction of her right to dower, the estate cannot be said to be
in lieu of dower. If it be transferred to her without reference
to her dower, or without any intention that it shall be in satis-
faction thereof, it cannot with any propriety be said to be in
lieu of dower.

The other provision of the statute which is relied upon to
show that the law upon this subject has been changed, relates
exclusively to gifts to the wife by the will of the husband.
And even, according to that provision, the *intention* with which
the gift is made determines the right of the wife to the gift, in
addition to her dowable and distributable share in her hus-
band's estate. The effect of the change which it makes in the
previous law is, that where a testator makes a gift to his wife,
the legal presumption is, in the absence of any expression in
the will, or necessary inference therefrom to the contrary, that
he intends it to be a part of her dowable and distributable
share of his estate; whereas, according to the previous law, a

different presumption prevailed, and she was not charged with the value of the gift, unless the intention that she should be was clearly manifested by the will. Inasmuch as this change was made in the law with respect to gifts to the wife by the will of the husband, a similar change might have been proper as to gifts made by the husband to the wife in his lifetime. But no such change was made, nor is there anything contained in the statute which indicates an intention to effect a change in the previous law on this subject. And it is worthy of remark, that whenever such a change was intended to be made by any of the provisions of the Revised Statutes, the intention to do so was clearly manifested, and not left uncertain or ambiguous.

That the law on this subject had not been changed by the Revised Statutes, was in effect decided in the case of *Worsley's executor vs. Worsley*, (16 *B. Mon.*, 469.)

The court below decided that the widow was entitled to rents from the commencement of the action, and that decision is objected to on the ground that it is inconsistent with the previous decisions of this court.

The husband died since the Revised Statutes took effect; and, therefore, the wife's right to rents must be determined by their provisions on this subject, and not by the previous law. By the provisions of the Revised Statutes (*p.* 394) the widow is entitled to rents against a purchaser from the husband from the time she commences her action; so that on this point the decision of the court below is correct.

The plaintiff's petition, however, is defective, and for this reason the judgment will have to be reversed. It does not contain an allegation that at the time of the purchase of the land by the defendant she was the wife of William Smith, deceased, or that her husband had any interest in it, or any right or title to it, during the coverture. The only averment it contains is, that he was the owner of and held the title to it in July, 1855, and that she was his wife at the time of his death in 1858; but it is not alleged that she was his wife in 1855, when the purchase was made by the defendant; and without such an allegation she did not show herself entitled to dower in the land.

Wherefore, the judgment is reversed, and cause remanded, that the plaintiff may amend her petition, and for other proceedings not inconsistent with this opinion.