## SUPREME COURT—IN BANCO.

*Allen, Ch. J., Davis, J.*

### In re S. H. Cooper—Habeas Corpus.

It is *error* to impose a sentence for imprisonment only when the
penalty by statute is imprisonment at hard labor.  The prisoner
had been discharged on Habeas Corpus ; the Attorney General was
allowed to bring up the order of discharge by *petition for review*.

Opinion by Allen, Ch. J.

This is a petition for review, in the nature of a writ of
error, of a decision made by Mr. Justice Davis on a writ of
habeas corpus, which was issued for the release from prison
of the respondent.

It appears that the respondent had been arrested on a
charge of drunkenness, and convicted in the Police Court of
Honolulu, and sentenced to imprisonment for two months,
and to pay costs, which he alleges to be without authority or
justification in law, because the Police Justice did not award
the sentence in conformity to the statute in such cases made
and provided.

For the offense alleged the statute authorizes the sentence
of a fine or imprisonment *at hard labor* for a term of not more
than three months.

Mr. Justice Davis was of opinion that the sentence being
unauthorized by the statute, inasmuch as it imposed im-
prisonment only, omitting at hard labor, was void, and or-
dered the prisoner's discharge.

The Attorney General alleges this construction of the
statute as error, and prays that the decision may be re-
versed.

It would have been more in accordance with our practice

to have taken an appeal, but without giving a final opinion upon the point raised by the counsel for respondent, that a writ of error will not lie in a criminal case, in behalf of the Crown, I will proceed to examine the material point at issue, namely, whether the sentence imposed by the Police Magistrate was valid.

The respondent, for the offence charged, and of which he was found guilty, was liable to a fine or imprisonment at *hard labor*, and the Magistrate sentenced him to imprisonment *only*.

The learned counsel for the Crown contends that as the sentence was less severe than that imposed by the law, the respondent has no right to complain, and, therefore, the judgment discharging him from imprisonment was illegal, and should be reversed.

In the case of Stevens *v.* The Commonwealth, 4 Met., 360, where the sentence was to confinement at hard labor in the state prison for one year, without sentence to *solitary imprisonment*, the judgment was reversed on writ of error.

The statute required that in every case, in which the punishment in the state prison is awarded, the sentence shall be to solitary imprisonment, not exceeding twenty days at a time, and the residue at hard labor.

The Court regard the solitary imprisonment as an essential ingredient in the sentence to be awarded, and they say " that a sentence directing the whole to be at hard labor, though regarded as milder and less penal, is not the judgment which the law affixes to the crime, but other and different." They say further " that when two things are required, both essential to the judgment prescribed by law, and together making one judgment, a sentence to one is not the legal judgment. Such judgment, therefore, is erroneous, and though more favorable to the prisoner may be avoided, and reversed at his suit.

In the case of the King *v.* Read, 16 East., 404, which was

an information filed for persuading soldiers to desert, the statute imposed fine and imprisonment, and to stand in the pillory for the space of one hour.

The counsel for the defendant submitted to the Court the question, that if they should be disposed to inflict a punishment beyond the forfeiture, the act left it in their discretion to do so by awarding imprisonment without the pillory.

That the Court, of which Lord Ellenborough was Chief Justice, said that if they felt it necessary to award further punishment than for the forfeiture, they were bound to pass sentence for the pillory, as well as imprisonment.

In referring to the authorities on this subject, we find that the general doctrine is this, that when there is a mistake in a criminal sentence, it vitiates the whole, and the criminal is not liable to further procedure.   And it makes no difference whether the sentence is more or less severe than the statute requisition.

It may be regarded as a fixed principle that a defective judgment omitting an essential part of the punishment required by law is bad.   Shepherd v. The Commonwealth, 2 Met., 419 ; Christian v. the same, 5 Met., 530 ; People v. Taylor, 3 Denio, 97 ; Wilde v. The Commonwealth, 2 Met., 408.

In the case of the People v. Taylor, 3 Denio, 97, the Court say that when a judgment is reversed for error in the record, the Court of Review, as a general rule, renders such judgment as should have been given by the Court below, but if a wrong judgment be given against a defendant, which is reversed on error, the Court of Review can neither give a new judgment against him, nor send the case back to the Court below for a proper judgment.   Close v. Stuart, 4 Wendell, 75 ; Gildart v. Gladstone, 12 East, Jr., 668.

In this case there is no error in the record, but there is a judgment not in conformity to the statute.

The Court asks, as Chief Justice Shaw did, in the case of

Christian *v.* The Commonwealth, 5 Met., 530, what further can this Court do? That case was tried in the Court of Common Pleas, and a longer sentence was imposed than the law would warrant. The Court ruled that it was not competent for them to call the party in and pronounce a new sentence, nor to remit the case to the Court of Common Pleas. We regard this as sound doctrine. We could not sentence the defendant, for we are not conversant with the peculiar facts in the case, not having heard it, neither can we remand him to prison, for he is not restrained by a legal sentence of a Court.

The principles of the foregoing cases apply directly to the one before us.

For this limited sentence, there were precedents in the Police Court, and it was very natural that in some of this class of cases, as a matter of humanity, that hard labor should not be added to the sentence of imprisonment.

But Courts cannot make or modify laws. If amendments are required, as in this, the Legislature only can apply the remedy.

The statute affixed the punishment of imprisonment at hard labor, and the Magistrate in the sentence that he imposed, did not conform to it, and, therefore, it was illegal. He has as much legal right to impose hard labor, when by statute it is not imposed, as he has to omit it, when it is.

It is a liberality of construction which he had no legal right to make.

*Judgment of Justice Davis affirmed.*

Mr. Harris for the Crown.
Mr. Stanley for the Defendant.