In the Matter of an Application of PIIPIILANI (k.) for a Writ of Habeas Corpus.

QUESTIONS RESERVED BY JUDD, C.J.

APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ. FORNANDER, J., absent.

P. was charged on the 7th February, 1887, in the Police Court, Honolulu, with selling and disposing of spirituous liquors without a license on the 6th of February, in Honolulu. ·

He was convicted, the record concluding as follows: "Defendant found guilty of selling liquor without a license, and sentenced to pay a fine of ($400) four hundred dollars, and pay costs $3.70."

The mittimus, so far as is material, is as follows: "Whereas Piipiilani has this day been convicted in our Police Court of Honolulu, Island of Oah'u, for the offense of selling and disposing of spirituous liquors, without a license, contrary to Section 2 of the Session Laws of 1886, relating to the regulation of the sale of spirituous liquors, and upon conviction thereof, the said Court did adjudge and determine that he should pay a fine of four hundred dollars, and the costs of this prosecution taxed at three 70-100 dollars, and in default of payment thereof, that he should be imprisoned at hard labor until the same be paid, unless sooner discharged according to law."

A writ of *habeas corpus* was granted by the Chief Justice, and upon argument of the questions reserved, it was held :

1. That it did not appear by the mittimus that the offense, therein alleged to have been committed, was committed within the jurisdiction of the Police Justice, who signed the mittimus.

2. That the mittimus was not defective in not stating that liquor was not sold to any person. *Rex vs. Gillingham*, 2 Hawn., 751..

3. That the mittimus was not defective in not stating the time when the alleged offense was committed.

4. That there being no degrees in the offense of selling spirituous liquor without a license, the mittimus was not defective in omitting to set out the degree in which the prisoner was found guilty.

5. That the record and mittimus, for the purpose of this case, show sufficient jurisdiction to hear and determine the charge and to justify the detention of the prisoner.

6. That when a mittimus is good upon its face, and the prisoner is in execution under a conviction, a writ of *habeas corpus* should not issue, but that the prisoner should be confined to his right of appeal, and that a conviction or judgment cannot be attacked in a proceeding on *habeas corpus*, if jurisdiction appears by the record.

Prisoner remanded to custody.

OPINION OF THE COURT, BY PRESTON, J.

This matter came before the Court on questions reserved by the Chief Justice under the following circumstances:

On the 5th of April last, application was made to the Chief Justice, sitting in Chambers, on behalf of one Piipiilani, then in custody under an alleged conviction for selling spirituous liquors without a license. A writ was issued, and on the 7th of April the matter came on for hearing, the prisoner being in Court, and the Marshal filed a return, alleging that "the said Piipiilani is restrained lawfully by virtue of a judgment issuing from the First District Court of Oahu and Police Court of Honolulu on the 10th of February, 1887, by the records of which Court it appears that the said Piipiilani, on the seventh day of February, 1887, appeared before said Court and was charged with selling and disposing of spirituous liquors on the 6th of February, 1887, in Honolulu, without a license, to which he pleaded not guilty, and was remanded to the 10th February for trial, on which day the case came up for trial, his counsel admitting that the bottles shown in Court contained spirituous liquor, and evidence was given by several witnesses tending to

show that said Piipiilani had sold liquor to Kawaaloa and Walia on the day charged, upon which Justice Dayton adjudged the defendant guilty, and sentenced him to pay a fine of four hundred dollars, and to pay the costs ($3.70), whereupon the said Justice issued a mittimus to the Marshal, a copy of which is attached, which is the true cause of his imprisonment."

The record shows that the prisoner was charged with "selling and disposing of spirituous liquor on the 6th instant in Honolulu without a license," and after setting out the evidence, concludes as follows: "Defendant found guilty of selling liquor without. a license and sentenced to pay a fine of ($400) four hundred dollars and pay costs, $3.70."

The mittimus, so far as is material, is as follows: "Whereas Piipiilani has this day been convicted in our Police Court of Honolulu, Island of Oahu, for the offense of selling and disposing of spirituous liquors without a license contrary to Section 2 of the Session Laws of 1886, relating to the regulation of the sale of spirituous liquors, and upon conviction thereof the said Court did adjudge and determine that he should pay a fine of four hundred dollars and the costs of this prosecution taxed at $3.70, and in default of payment thereof that he should be imprisoned at hard labor until the same be paid, unless sooner discharged according to law." Then follows a direction to the Marshal to cause the said sentence to be duly executed.

With the consent of counsel, the Chief Justice reserved the following questions for the consideration of the Full Court in Banco:

1. Does it appear by the mittimus herein that the offense herein alleged to have been committed was committed within the jurisdiction of the Police Justice who signed the mittimus?

2. Is the mittimus herein defective for not stating that liquor was sold to any person?

3. Is the mittimus herein defective for not stating the time when the alleged offense was committed?

4. Is the mittimus defective in not setting out specifically in which degree the prisoner was found guilty—the second Section

7

of the Act of 1886 relating to the regulation of the sale of spirituous liquors, referred to in said mittimus, providing punishment according to the degree of the offense.

5. Does the mittimus vary from the judgment in that the prisoner is adjudged "guilty" of selling liquor without a license and sentenced to pay a fine of ($400) four hundred dollars and pay costs, $3.70, and provides for no imprisonment for nonpayment of fine imposed, whereas the mittimus adds the words "spirituous," and imprisonment in default of payment of fine ?

6. Whether, it not appearing on the face of the mittimus whether the matter was within the jurisdiction of said Police Court or not, and the facts as to a variance between the judgment and mittimus are as stated in point 5, in either case prisoner would be entitled to a discharge on *habeas corpus* ?

7. If it appears from the records of the Police Court that said Court had jurisdiction of the cause, will *habeas corpus* lie to attack this judgment of said Court ?

And the same came on for argument on the 29th April.

F. M. Hatch appeared for the Crown; Creighton, A. C. Smith and Poepoe for the prisoner.

On behalf of the prisoner, it was contended that the judgment which restrained the petitioner's liberty, as alleged, is absolutely void. First, it omits an essential statutory term (spirituous) of description necessary to constitute the real nature of the subject matter required by the statute; second, it punishes a man for an act which is not a crime.

The Court has transcended its power by striking out or omitting a material word or term which describes the real nature of the subject matter called for by statute under which the defendant was found guilty.

· "If the judgment be void because the Court has transcended its power, the Court will grant the writ and discharge the prisoner." *Ex-parte Parks*, 93 U. S., 18, 23 ; *Ex-parte Lang*, 18 Wall., 165, 175, 176.

The judgment finds the defendant guilty of selling "liquor," the selling of which without license is not the offense described

by statute. The word "spirituous" is omitted. The omission of any essential statutory term of description in an indictment is fatal. 2 Wharton's Cr. L., 1498.

Therefore the omission of such term in a judgment is fatal.

The complaint is defective in many particulars of substance, and cannot be sustained; it does not set forth to whom the liquor was sold, nor that it was sold to a person unknown. *Com. vs. Dean*, 21 Pick., 334.

The statute provides that where a fine, or fine and costs, are imposed, and a person is sentenced "to be imprisoned until the same be paid," the imprisonment shall be deemed to discharge such fine, or fine and costs, at the rate of fifty cents per day.

In this case there was no sentence of *imprisonment*. Whether the law can be construed to mean' that judgment of imprisonment in default of such payment would be legal, is not the question here, but whether imprisonment, not having been mentioned in the judgment, can be enforced ?

The case of *Cooper*, 3 Hawn., 17, is in point. There the statute prescribed hard labor as well as imprisonment, but the judgment omitted hard labor, and on this count it was held bad.

The Police Justice exceeded his jurisdiction in ordering the defendant to be imprisoned until the fine was paid.

"Where a justice of the peace, having power to fine or imprison for a limited time, adjudged the defendant to pay a fine, and stand committed until paid, the judgment was held void: the imprisonment being indefinite, and beyond the jurisdiction of the Court." Hurd on Hab. Cor., 329, and cases there cited.

### BY THE COURT.

The first question reserved for our consideration is: "Does it appear by the mittimus herein that the offense therein alleged to have been committed was committed within the jurisdiction of the Police Justice who signed the mittimus ?"

The mittimus states a conviction in the Police Court of Honolulu for selling and disposing of spirituous liquors without a license.

We are of opinion that this question must be answered in the negative. We think the statement of the offense should have gone farther, and that the following words should have been added: "within the District of Honolulu," or "within the Island of Oahu," and that these or similar words, according to the jurisdiction of the convicting magistrate, should be inserted in the mittimus.

The second question is: "Is the mittimus herein defective for not stating that liquor was sold to any person?"

This question we also think must be answered in the negative.

We are not prepared to say that the decision in *Com. vs. Dean,* 21 Pick., 334, is incorrect, but admit that it is in accordance with the current of authority both in England and America, but the point has been decided in this Court in *Rex vs. Gillingham,* 2 Hawn., 751, upon the construction of our statutes, and is therefore not open to the petitioner in this case. The petitioner might have objected at the hearing in the Police Court, and the charge could then have been made more specific.

The third question is: "Is the mittimus herein defective for not stating the time when the alleged offense was committed?"

This question must also be answered in the negative. Time is not of the essence of the offense. There is no limitation by law. And the charge as appears by the papers before us was definite as to date.

The fourth question is: "Is the mittimus defective in not setting out specifically in which degree the prisoner was found guilty, the second section of the Act of 1886 relating to the sale of spirituous liquors, referred to in said mittimus, providing punishment according to the degree of the offense?"

The section of the Act referred to provides that persons selling spirituous liquors without a license, shall for the first offense suffer a pecuniary penalty, and for every subsequent offense shall suffer imprisonment in addition to a pecuniary penalty.

We do not think it is correct to say that this section provides punishment for different degrees of the same offense as in man-

slaughter, larceny, etc. It merely provides an extra punishment on a conviction, not for the same offense but for the commission of a like offense on another occasion.

The charge not alleging a previous conviction, must be taken to mean, that it is a first offense, and this question must, therefore, also be answered in the negative.

The fifth question is: "Does the mittimus vary from the judgment, in that the prisoner is adjudged 'guilty of selling liquor without a license, and sentenced to pay a fine of $400, and pay costs $3.70,' and provided for no imprisonment for non-payment of fine imposed, whereas the mittimus adds the word 'spirituous' and imprisonment in default of payment of fine?"

The sixth question is: "Whether it not appearing on the face of the mittimus, whether the matter was within the jurisdiction of said Police Court or not, and the facts as to a variance between the judgment and mittimus being as stated in point five, in either case prisoner would be entitled to his discharge on *habeas corpus?*"

It will be convenient to consider the two last mentioned points together.

By an inspection of the copy of the record of the Police Court, it appears that the defendant was charged on the 7th day of February last, with "selling and disposing of spirituous liquor on the 6th instant in Honolulu without a license."

We consider this to be a sufficient statement of the charge, and that it discloses the jurisdiction of the Court, and supplies the omission in the mittimus to state the jurisdiction.

The entry of the judgment or finding, "guilty of selling liquor without a license," must be read in connection with the charge made, and must be considered as a finding of guilty on that charge. But even if this were not so, we do not think, for reasons hereafter appearing, that this finding could be attacked in a collateral proceeding such as "*habeas corpus.*"

With respect to the judgment not awarding imprisonment, we do not deem it would be proper to do so. The statute creating the offense says nothing as to imprisonment, and the extent of

imprisonment, therefore, comes under the general law regulating such matters, viz.: Chapter LI. of the Penal Code, Section 2 of which, so far as is material, reads as follows:

"When a fine is not paid immediately following the offender's conviction, he shall be committed to prison, there to remain at hard labor or otherwise in the discretion of the Court or magistrate until such fine is paid."

The fine is to be worked out at the rate of fifty cents per day, but power is given to two magistrates to discharge a poor convict at the expiration of one year of his imprisonment.

It appears to us, therefore, that the imprisonment in such a case is not properly a part of the sentence. The prisoner, by virtue of the judgment, stands committed without further order, and it is only necessary for the magistrate to exercise his discretion in making out the mittimus as to whether the imprisonment should be with or without hard labor, which he appears to have done in this case.

It appears to us that we may safely adopt the words of the Court in *People vs. Markham*, 7 Cal., 210, and hold, which we do, that "the imprisonment is not a punishment, but a means of enforcing a payment of the fine."

Many authorities were cited by counsel for the defendant to the effect "that where a justice of the peace, having a power to fine or imprison for a limited time, adjudged the defendant to pay a fine, and stand committed until paid, the judgment is void. The imprisonment being indefinite, was beyond the jurisdiction of the justice."

We are agreed that such contention is correct, and were this such a case, or if the magistrate had imposed a definite term of imprisonment, we would unhesitatingly discharge the prisoner. But here the Magistrate is not so limited, and none of the cases cited are applicable to this case.

The case of *People vs. Markham*, before mentioned, was cited by the defendant as in his favor; but it appears to us that, on the contrary, it is decidedly against him, although we cannot say we are satisfied with the reasons for the decision, as it seems

to imply that the defendant herein, although the judgment should be illegal, would have to wait eight hundred days before he could apply for his writ.

The jurisdiction of the inferior courts of this country is entirely created by statute, and many of the reasons for the very strict construction of their jurisdiction, powers and procedure, which obtain in the United States and England, the powers of such courts being in derogation of the common law, are not applicable here.

Section 893 of the Civil Code directs that the Police Justices shall, in all cases, preserve in written detail the minutes and proceedings of their trials, transactions and judgments.

And District Justices are not compelled to keep even such a meagre record: Section 919 providing that they shall not be confined to forms, nor shall be compelled in any case to preserve any other record of their proceedings than the mere conclusion, determination or judgment at which they may arrive.

We must therefore hold that the record and mittimus, for the purposes of this case, show sufficient jurisdiction to hear and determine the charge, and to justify the detention of the prisoner.

The question as to how far a judgment can be attacked by proceedings on *habeas corpus* is raised in this case, and the decision of such question is necessary, in order that persons who may consider themselves wrongfully held in custody may understand the nature of the proceedings to be taken to obtain redress.

By the Habeas Corpus Act, persons convicted or in execution on process, civil or criminal, are not entitled as of right to the writ. But a Justice of the Supreme Court may, in his discretion, issue the writ where it is not demandable as of right, and may discharge the party as law and justice may require.

The Chief Justice, in the exercise of his discretion, rightly issued the writ in the case now before the Court, and we think that in all cases where the mittimus is insufficient upon its

face, the discretion should be exercised, but that it is only in cases where the record does not supply the omission that the prisoner shall be discharged.

The effect of the discharge under the writ is that the person cannot be re-arrested, and he is absolved from all punishment for the offense of which he may be legally guilty, and notwithstanding the conviction which is still of record against him.

We are of opinion that when a *mittimus* is good upon its face, and the prisoner is in execution under a conviction, a writ of *habeas corpus* should not issue, but that the prisoner should be confined to his right of appeal, and that a conviction or judgment cannot be attacked in a proceeding on *habeas corpus* if jurisdiction appears by the record.

For the foregoing reasons, we order that the defendant (who has been admitted to bail) be remanded to the custody of the Marshal.

*C. Creighton, J. M. Poepoe* and *Я. C. Smith,* for the petitioner.