## IN THE MATTER OF THE PETITION OF ILIHUNE HOOPAI, for a Writ of Habeas Corpus.

APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.

SUBMITTED JANUARY 20, 1897.            DECIDED FEB. 4, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

Relief cannot be had by habeas corpus, though the sentence, imposed by a court of competent jurisdiction, on which one is confined, is erroneous in not including a fine. The writ will only lie where the sentence is a nullity.

Where the statute provides for both fine and imprisonment, and one of the penalties is omitted, the error will not afford ground of reversal, if the punishment imposed is authorized by the statute.

A writ of error is the proper remedy where the sentence is erroneous.

OPINION OF THE COURT BY JUDD, C.J.

The petitioner was tried and convicted of the offense of rape at the last December term of the Circuit Court, Second Circuit, and was sentenced by the court to imprisonment at hard labor for a term of three years and to pay costs taxed at $18.50. Application was immediately made on the prisoner's behalf to the Circuit Judge for a writ of habeas corpus. The writ issued and after a hearing the Circuit Judge dismissed the writ, whereupon the petitioner appealed to this court.

The statute authorizes as the punishment for rape a fine of not exceeding one thousand dollars and imprisonment at hard labor for life or any number of years. Chap. XI, Sec. 3, Penal Code.

The term of imprisonment at hard labor is within the statute and so far is a legal sentence, but the court failed to impose any fine, though a fine up to $1000 is required. It is claimed in behalf of prisoner that the sentence is void and that therefore he is entitled to be discharged on *Habeas Corpus*, and *In re Cooper*, 3 Haw. 17, is mainly relied upon.

Cooper's case was decided in 1866, at which date the statute did not allow a writ of error in a criminal case, and as no appeal had been taken, habeas corpus was resorted to as the only remedy available. In that case the court discharged the petitioner on the ground that his sentence was void being for imprisonment only whereas the statutory sentence for drunkenness required the imprisonment to be at hard labor. As the law then stood we cannot say that the decision was wrong as to the remedy pursued. But, twenty years later, the court drew a distinction between Habeas Corpus and Error and held that a conviction or judgment, if jurisdiction appears by the record, cannot be attacked in a proceeding by Habeas Corpus. *In re Piipiilani*, 7 Haw. 95. The last case in our reports on this subject is *In re Titcomb*, 9 Haw. 131, where this court held that the sentence must be void on its face to entitle the petitioner to a discharge on habeas corpus. Where the sentence is erroneous or voidable only it is not cognizable on Habeas Corpus and can only be set aside on appeal or a Writ of Error.

The question is thus resolved into the inquiry whether the sentence imposed in this case is void, the court imposing it being without jurisdiction, or is it only erroneous. If the former it is cognizable in habeas corpus. Cooper's case is contended to be identical with that before us. His sentence was for imprisonment only—a different punishment from that prescribed by the law which required imprisonment at hard labor. Whether imprisonment at hard labor is a severer punishment than imprisonment without it is a question upon which men may differ. It is sufficient to say that a different kind of punishment was imposed by the court from that authorized.

It is not like the case at bar where sentence imposed, so far as it went, was legal.

The Massachusetts cases cited by the court in Cooper's case are—all being on writs of error—*Wilde v. Commonwealth,* 2 Met. 408; *Shepherd v. Commonwealth,* id. 419 (1842); *Stevens v. Commonwealth,* 4 Met. 371; *Christian v. Commonwealth,* 5 Met. 530 (1843). The statute of error, as it then stood did not allow the reviewing court to impose a sentence conformable to law. But, in 1851, a statute was passed that "whenever a final judgment in any criminal case shall be reversed by the supreme judicial court, upon a writ of error, on account of error in the sentence, the court may render such judgment therein as should have been rendered, or may remand the case for that purpose to the court before whom the conviction was had." See *Jacquins v. Commonwealth,* 9 Cush. 280. In *Stalkers'* case, decided October 22, 1896, in the State of Massachusetts (44 N. E. Rep. 1068) the court held that it would not grant relief by habeas corpus where the sentence was erroneous in not including a term of solitary confinement in the sentence which imposed only imprisonment at hard labor. The court said that habeas corpus would not relieve when the court had jurisdiction to sentence the prisoner and errs simply in regard to the extent of the punishment. *Sennott's* case, 146 Mass. 492, decides that neither irregularities nor errors, so far as they are within the jurisdiction of the court, can be inquired into upon a writ of habeas corpus. In the state of Ohio, it was held that where the sentence was less than that authorized by statute, *ex parte Shaw,* 7 Ohio St. 81, or greater, *ex parte Van Hagan,* 25 Ohio St. 426, the sentence was not void, but erroneous, and that habeas corpus is not, but error to reverse, is the proper remedy. *In re Belt,* 159 U. S. 95, holds that the general rule is that the writ of habeas corpus will not issue unless the court, under whose warrant the petitioner is held, is without jurisdiction; and that it cannot be used to correct errors.

The passage of the Act respecting writs of error, Chap. XCV of the Laws of 1892, places us in the position of Massachusetts

and other states of the United States, and without overruling the case of *Cooper*, 3 Haw. 17, we emphasize the distinction between habeas corpus and error, pointed out in *Piipiilani's* and *Titcomb's* cases, and hold that habeas corpus will not lie to discharge the petitioner in this case.

The sentence of the Circuit Court was not void. The court had jurisdiction of the offense and the petitioner, and the only error indicated is that the court did not impose all the punishments directed by the statute. It is doubtful whether the petitioner in this case could obtain a writ of error, considering that Sec. 3 of the statute on writs of error provides that no writ of error shall issue,—"for any matter held for the benefit of the plaintiff in error." But this is not necessary to decide. We find instructive reasoning in *Dillon v. State*, 38 Ohio St. 586 (1883). It was a motion for leave to file a writ of error. The petitioner was sentenced to imprisonment in the penitentiary for one year and to pay costs and no fine was assessed, whereas the statute prescribed imprisonment for not less than three years and a fine of not exceeding $500. The court held that where the sentence imposed, whether of fine or imprisonment, is authorized by the statute, the failure of the judge to discharge his whole duty by imposing both fine and imprisonment provided by law, will not warrant a reversal. The sentence in such case being warranted, the defendant is not prejudiced by the error of the court in failing to inflict upon him the additional punishment. These facts are on all fours with the one at bar, and the view taken commends itself to our judgment. Why should a person because he has received, by mistake, less punishment than he ought to have received by the statute, be set free and altogether escape from that part of the punishment which was imposed and which was authorized by the statute? He cannot complain of this error. He has no grievance to redress, and cannot be discharged.

The appeal is dismissed.

*A. G. M. Robertson*, for petitioner.

*E. P. Dole, Dep. Attorney-General*, for the respondent.