## EX PARTE FUGIHARA ORIEMON.

SUBMITTED SEPTEMBER 27, 1900.     DECIDED OCTOBER 20, 1900.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

1  A prisoner who has been properly and legally sentenced cannot be released on habeas corpus simply because there is an imperfection or ambiguity in the mittimus; when placed in the proper custody he is thereafter restrained by virtue of the judgment and not by the mittimus.

2  The statutes of the Territory make ample provision for bringing the record of the Circuit Court before the Supreme Court for review. The writ of habeas corpus cannot be made to serve such purpose.

3  A prisoner sentenced by a court having jurisdiction of the crime charged and of the person of the prisoner is not entitled to his discharge on habeas corpus unless it affirmatively appears that the judgment under which he is confined is void.

OPINION OF THE COURT BY GALBRAITH., J.

An original proceeding for writ of habeas corpus on the petition of Thomas C. Ridgway, in behalf of Fugihara Oriemon, who it is alleged was unlawfully restrained of his liberty by L. A. Andrews, Sheriff of the Island of Hawaii, in Hilo Jail, at the Town of Hilo, in the Territory of Hawaii; that said restraint is believed to be by virtue of a verdict of murder in the first degree, returned and entered against the said Fugihara Oriemon, at the July Term of the Circuit Court of the Fourth Circuit, held at Honokaa, Territory of Hawaii, on the 14th day of July, 1900, and the subsequent judgment and sentence of death rendered thereon, directing that said Fugihara Oriemon be taken to the Hilo Jail and there confined until the 21st day of September, 1900, and then to be taken to a suitable place in the yard of said jail and hung by the neck until dead.

It is further alleged that the mittimus by which the prisoner is held is informal, ambiguous, and illegal; that the Court issuing said mittimus had no jurisdiction of the prisoner on account of the illegal method pursued in drawing and empanelling the jury trying him; that the whole proceedings by which the prisoner was arraigned, tried, convicted and sentenced were illegal and void for the reason that the grand jury indicting and the petit jury trying him were not drawn, summoned and empanelled according to law; that the judgment and sentence were void, and the prisoner was denied his constitutional right to a trial by jury and was convicted without due process of law.

The writ was ordered by the Chief Justice and made returnable before the Court on September 17, 1900, and on motion the prisoner was granted a respite until October 26, 1900, as authorized by Section 683 Penal Laws 1897.

The return to the writ is made by Arthur M. Brown, High Sheriff of the Territory of Hawaii, for himself and for L. A. Andrews, Sheriff of the Island of Hawaii and shows that the prisoner is held in custody by virtue of (1) a judgment of the Circuit Court of the Fourth Circuit, Territory of Hawaii, (2) a mittimus issued out of said court on said judgment, (3) a death

warrant signed by the Governor of the Territory of Hawaii and also sets out a transcript of the record of the Fourth Circuit Court showing the drawing and empanelling of the Grand Jury, a copy of the indictment returned against the prisoner, his arraignment and plea, the calling and swearing of the petit jury and the return of the verdict. The verdict and subsequent proceedings are as follows:

"Territory of Hawaii }
　　　　vs.　　　　 } Murder, 1st degree.
Fugihara Oriemon. }

"We, the jury in the above entitled cause, find the defendant said Fugihara Oriemon, guilty as charged.

"M. V. HOLMES, foreman.

"Honokaa, Hamakua, July 14, Territory of Hawaii, 1900.

"The jury being polled, each answered yes, this is my verdict. Defendant was then remanded to the custody of the Sheriff.

"That afterwards, to wit, on July 17th, 1900, upon motion of the Deputy Attorney General of the Territory of Hawaii, in open court, the defendant was brought before the Court, and after being asked if he had any thing to say why sentence of death should not be pronounced upon him in accordance with the verdict returned by the petty jury, the sentence of the court was duly pronounced upon said defendant according to law, in words and figures following:

"THE COURT: Tell him that a Grand Jury of the Territory of Hawaii have found an indictment against him for Murder in the first degree; that in pursuance of that indictment he was arraigned before the Bar of this court and put upon his trial for that charge; that a lawfully constituted jury composed of citizens of the United States and of the Territory of Hawaii have found him guilty of wilfully and deliberately, and with premeditated malice, murdering a fellow countryman, named Sakuda Menezo. The law of this Territory is that anyone found guilty of murdering shall suffer the penalty of death. Ask him if he has anything to say why the sentence of this court shall not be passed upon him now? (Defendant said he would like to have a new trial.) Tell him that the sentence of this court is that you Fugihara Oriemon, a Japanese, be taken hence to the Hilo Jail in the Town of Hilo, within the District of

South Hilo, Island of Hawaii and Territory of Hawaii, and within the jurisdiction of this court, and from thence to the place of execution within the enclosed yard of said jail, and that on Friday, Sept. 21st, A. D. 1900, between the hours of ten o'clock in the forenoon and three o'clock in the afternoon of said day you then and there suffer the punishment of death by being hanged by the neck until you are dead, and may God have mercy on your soul.

"Whereupon the defendant, in pursuance and direction of a mittimus issued out of said court and directed to the Sheriff, was remanded to the custody of said Sheriff of Hawaii, who on the date and time announced in said sentence by said court is ordered to execute the sentence of the court."

The death warrant was as follows:

"DEATH WARRANT.

"TERRITORY OF HAWAII.

"To ARTHUR MORGAN BROWN, ESQ.,

"High Sheriff, Territory of Hawaii.

"GREETING:

"WHEREAS, FUGIHARA ORIEMON, of Hamakua, Island of Hawaii, was indicted for the crime of Murder in the First Degree on Monday, July 9th, A. D. 1900, by a Grand Jury, duly drawn, impanelled and sworn for the July Term of the Circuit Court of the Fourth Judicial Circuit begun and holden at Honokaa, Island of Hawaii, on the 5th day of July aforesaid; and that thereafter on the 10th day of July aforesaid the said FUGIHARA ORIEMON was arraigned before said Circuit Court of the Fourth Judicial Circuit; and that thereafter on the 13th day of July aforesaid said defendant was placed on trial before a petty jury, duly impanelled and sworn to try him, for the crime as charged in said indictment, and that thereafter on the 14th day of July aforesaid the said defendant was convicted of the crime of Murder in the First Degree for the killing of one SUKUDA MINEZO at Hamakua, Island of Hawaii aforesaid; and that thereafter, in pursuance of said conviction and of the law in such case made and provided, he, the said FUGIHARA ORIEMON, was, on the 17th day of July aforesaid, sentenced by the said Circuit Court to be taken thence to the Hilo Jail in the town of Hilo, within the District of South Hilo, Island of Hawaii, Territory of Hawaii, within the jurisdiction of said court and from thence to the place of execution within the enclosed yard of

said jail, and that on Friday, the 21st day of September, A: D. 1900, between the hours of ten o'clock in the forenoon and three o'clock in the afternoon of said day, and then and there suffer the punishment of death by being hanged by the neck until he is dead.

"Now THEREFORE, you are hereby commanded that, laying aside all excuses, you obey, fulfill, execute and perform all and every matter and thing specified in said sentence of the said Circuit Court of the Fourth Judicial Circuit, and that further you do make due return to the said Circuit Court of the Fourth Judicial Circuit of your action under this Warrant.

"WITNESS my hand and the Seal of the Territory of Ha-
(Seal)          waii at the Capitol Building in Honolulu,
this fifth day of September, A. D. 1900.
"(Signed)          SANFORD B. DOLE.
"By the Governor:
"(Signed)    HENRY E. COOPER,
"Secretary of the Territory."

By the return it is made to appear that the prisoner was sentenced by a court having jurisdiction of the crime charged and of the person of the prisoner and that he was restrained by virtue of such sentence and the death warrant issued by the Governor of the Territory as provided by law. This showing alone is suffi-·cient to warrant the court in discharging the writ and remanding the prisoner.

The statutes of the Territory contain ample provision for bringing the proceedings of the Circuit Court, in every case, before this Court for review and correction of error that may be made to appear. In view of this fact no good reason exists for using or attempting to use the writ of habeas corpus, in this jurisdiction, as a writ of error. As a general rule such use cannot be made of the writ.

"The writ of habeas corpus cannot be used as a writ of error. Mere error in the judgment or proceedings, under and by virtue of which a party is imprisoned, constitute no ground for the issuance of the writ." Church, Habeas Corpus, Sec. 372.

Chief Justice Fuller speaking for the Supreme Court of the United States says: "We reiterate what has so often been said before, that the writ of habeas corpus cannot be used to perform

the office of a writ of error or appeal." *In re Swan*, 150 U. S. 648, and again in a later case: "The general rule is that the writ of habeas corpus will not issue unless the court, under whose warrant the petitioner is held, is without jurisdiction; and that it cannot be used to correct errors." *In re Belt*, 159 U. S. 100. To the same effect are the following cases in the Hawaiian Reports: *In re Hoopai*, 10 Haw. 610; *In re Titcomb*, 9 Haw. 131; and *In re Piipiilani*, 7 Haw. 95.

This fundamental rule governing the issuance of the writ of habeas corpus seems to have been overlooked, for none of the matters alleged in the petition go to the jurisdiction of the court but are mere errors of proceeding that could only be corrected when brought before this court in a proper manner.

It is contended that the mittimus is "informal, ambiguous and illegal." If this were admitted to be true it cannot be corrected in this proceeding nor is it a reason for the discharge of the prisoner.

When the prisoner was conveyed to the Hilo Jail the mittimus had performed its function. He was thereafter restrained by virtue of the judgment and the mittimus was no necessary part of the authority of the Sheriff for his detention.

"A prisoner who has been properly and legally sentenced to prison cannot be released simply because there is an imperfection in what is commonly called the mittimus. A proper mittimus can, if needed, be supplied at any time, and if the prisoner is safely in the proper custody, there is no office for a mittimus to perform." Church, Habeas Corpus, Sec. 375.

The Supreme Court of New York said on this subject: "But the relator was not detained or required to be detained by virtue of any warrant. He was detained by virtue of the judgment of the court, and that judgment was a sufficient authority for his detention. The warrant of commitment is simply an authority and direction to the sheriff or other officer to convey the prisoner to the penitentiary. That needs not necessarily to be left with the keeper. If he has no other evidence of his authority he should have that. But if the officer who brings a prisoner to the penitentiary furnished the keeper with a certified copy of the

judgment of the court, then that is sufficient evidence of the keeper's authority, and he needs to have no other." *The People Ex Rel. v. Baker,* 89 N. Y. 465.

The objection to the drawing of the petit jury that tried the prisoner and to the manner of summoning and empanelling the grand jury that returned the indictment against him are at most errors of proceeding that could only be reviewed when brought before this court on exceptions or by writ of error in the manner provided by the statute.

It is further contended that the judgment is void for the reason that the court in pronouncing the same fixed the day of execution without authority of law for so doing.

This position is clearly untenable. Even if it were admitted that the court had no power to fix the day of execution this would not render the judgment and sentence void. The most that could be claimed for it would be that the judgment was erroneous.

Mr. Justice Miller speaking for the Supreme Court of the United States said: "An imprisonment under a judgment cannot be unlawful unless that judgment is an absolute nullity; and it is not a nullity if the court has general jurisdiction of the subject, although it should be erroneous." *In re Coy,* 127 U. S. 757.

Again Mr. Justice Jackson speaking for the same court said: "We think the principle is established that where the court has jurisdiction of the person and of the offence, the imposition of a sentence in excess of what the law permits does not render the legal or authorized portion of the sentence void, but only leaves such portion of the sentence as may be in excess open to attack." *United States v. Pridgeon,* 153 U. S. 62.

It is also claimed that the prisoner was convicted without due process of law in this that he was denied his constitutional right to a trial by jury. While this allegation is rather broad and general we are led to state that so far as the petition and return show it seems that the prisoner was tried and convicted according to the "law of the land." He had his day in court. He had the assistance of counsel, was indicted by a grand jury and tried and convicted by the unanimous verdict of a petit jury of twelve

free holders, summoned from the body of the country where the crime was committed.

The Supreme Court of the United States announced the controlling rule in this case, to wit: "Under a writ of habeas corpus the inquiry is addressed not to errors, but to the question whether the proceedings and the judgment rendered therein are, for any reason, nullities, and unless it is affirmatively shown that the judgment or sentence, under which the petitioner is confined, is void, he is not entitled to his discharge." *United States v. Pridgeon*, 153 U. S. 63.

The prisoner having failed to show that the judgment under which he is restrained is void, is not entitled to his discharge.

Let the writ be discharged and the prisoner remanded to the custody of the sheriff.

*C. C. Bitting* and *Thos. C. Ridgway* attorneys for prisoner.
*John W. Cathcart, Deputy Atty.-General,* for the sheriff.