## IN THE MATTER OF THE APPLICATION OF F. M. BROOKS IN BEHALF OF DOMINGOS FERREIRA FOR A WRIT OF HABEAS CORPUS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 20, 1903.    DECIDED NOVEMBER 10, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A decision discharging a prisoner on *habeas corpus* conclusively determines that he was not liable to be held on the state of facts then existing.

A prisoner was erroneously discharged on *habeas corpus* because, although the judgment and sentence were valid and a mittimus had been issued to the High Sheriff, who was by law responsible for the safe keeping of all prisoners, the prison-keeper was not furnished with a certified copy of the judgment and sentence and no mittimus was directed to him. No appeal was taken. Subsequently a certified copy of the judgment and sentence was furnished the prison-keeper and the prisoner was rearrested. Held that, on a second application for a release on *habeas corpus*, there was no material change in the facts, the first decision was binding and it was error to remand the prisoner to custody.

### OPINION OF THE COURT BY FREAR, C.J.

The petitioner, who was serving a term of imprisonment for eighteen months in Oahu Prison under a sentence of a Circuit Court, was discharged by a Circuit Judge on *habeas corpus,* apparently on the ground that the mittimus was not directed to the keeper of the prison as well as to the High Sheriff and that such keeper did not have in his possession a certified copy of the judgment and sentence or other written authority to hold the prisoner. The petitioner was rearrested and, on suing

out a second writ of *habeas corpus,* was remanded to custody on the ground that since his first discharge the High Sheriff had furnished the keeper a certified copy of the judgment and sentence. The Circuit Judge relied on the words that we italicise in the following provision of the Civil Laws:

"Section 1674. No person who has been discharged upon a writ of Habeas Corpus, shall be again imprisoned or restrained for the same cause, unless he shall be indicted therefor, or convicted thereof, or committed for want of bail, by some Court of Record, having jurisdiction of the cause, or unless after a discharge for default of proof, *or for some material default in the commitment in a criminal case,* he shall be again arrested on sufficient proof, and committed by legal process, for the same offense."

The petitioner contends that, in view of the first decision which has not been appealed from, the doctrine of *res judicata* applies. If the "commitment" referred to in the statute means commitment after sentence as well as preliminary commitment for trial, and if the Judge was correct in his view that the prisoner could not be held unless the keeper of the prison had a certified copy of the judgment and sentence or a mittimus directed to him, it may be that the statute would apply and the second decision be correct. But, in our opinion, the first decision was not correct. While it might be better practice to leave some written authority with the prison-keeper personally, the mittimus to the High Sheriff alone was sufficient. It was in accordance with the long prevailing practice here and the High Sheriff himself was the one "responsible for the safe keeping of all prisoners." Civ. L., Sec. 1049. It was alleged in the petition for the writ of *habeas corpus* that the petitioner was in the custody of the High Sheriff and such writs have usually been directed to him and returns by him setting forth mittimuses to him have been deemed sufficient in *habeas corpus* cases. Again, it was held in *Ex parte Oriemon,* 13 Haw. 102, that a prisoner is held not by the mittimus but by the judgment and sentence, and is not entitled to a discharge for a defect in the mittimus if the judgment and sentence are good. And in the first case before the Circuit Judge

the High Sheriff amended his return by setting forth the judgment and sentence as well as the mittimus. That such amendment could properly be made is held in *Kelley v. Thomas,* 15 Gray 192, under a statute from which ours is copied. The Circuit Judge purported to decide the first case on the authority of *Ex parte Oriemon, supra,* and *United States v. Harden,* 10 Fed. 802. But it is obvious that the decision in *Ex parte Oriemon* and the authorities therein cited required the contrary ruling. They show that if the prisoner is held under a valid judgment and sentence he is legally held even though the keeper of the prison does not have in his immediate possession a copy of the judgment and sentence. The case of *United States v. Harden* did not require a different ruling.

If, as we hold, the first decision discharging the petitioner was incorrect, and if, as naturally follows from that holding and the facts of this case, there was no material change in the circumstances or the authority by which the prisoner was held at the second decision, the first decision, so long as it stands, is *res judicata,* and controls under both the statute and the general law. That a discharge on *habeas corpus* is final and *res judicata,* so long as the decision is unreversed, is well settled. *United States v. Chung Shee,* 71 Fed. 277; *In re Crow,* 60 Wis. 349. It is, of course, under the law of *res judicata,* immaterial whether the first decision was right or wrong, so long as the Judge had jurisdiction; the question is whether the second imprisonment is for the same cause and on the same authority. This is but a special application of a general rule applicable to other cases as well as to *habeas corpus* cases. The binding force of a decision does not depend upon whether it is correct or not. If that were so, no one could depend upon it. It could be called in question as often as a party might wish. Mistakes will be made. But if a judge has the requisite jurisdiction, his decision is binding, subject to the usual modes of correction, in all other proceedings brought upon substantially the same state of facts, and that, too, whether all the questions involved, whether of law or fact, were presented to or passed upon by him or not. *Ex parte Jilz,* 64 Mo.

205; *State v. Schierhoff,* 103 Mo. 47 (under a provision similar to our Sec. 1674, namely R. S. of 1899, Sec. 3598). In *McConologue's* case, 107 Mass. 154, it was held that a decision discharging a prisoner on *habeas corpus* was "a conclusive determination of all questions of law and fact necessarily involved in that result" and that "the judicial discharge of a prisoner upon *habeas corpus* conclusively settles that he was not liable to be held in custody upon the then existing state of facts, "whether such facts were proved at the hearing or not. The judgment determined the status at the time and is binding in subsequent proceedings unless it appears that there has meanwhile been a material change in the facts. The Massachusetts statute is the one from which ours was copied. See also *Bradley v. Beetle,* 153 Mass. 154. *In re Reinheimer,* 97 Mich. 619, might at first glance seem to be an authority contra under a statute that contained provisions similar to those in our Sec. 1674, but not only did the court there rely on a provision that is not found in our statute, but the circumstances were different. There was a new and valid order of commitment.

If the decision of the Circuit Judge were correct in the first case, his conclusion in the second case also would be correct, because the defect supposed to exist at first was cured. There would have been a material change in the state of facts. But since, as we hold, his first decision was erroneous, in other words, since the furnishing a certified copy of the judgment and sentence to the prison-keeper made no material difference in the state of facts, the first decision was *res judicata* and the second was erroneous. As we have seen, a decision is *res judicata* as to all questions necessarily involved, whether actually raised or passed upon or not. But here, in the first case, the question of the detention under the judgment and sentence, as distinguished from the mittimus, was actually raised, and the Judge held that the prisoner was entitled to his discharge notwithstanding—merely because the prison-keeper did not personally have a copy of the judgment and sentence.

The Attorney General should have appealed from the first decision instead of relying on the statute. We regret that we are obliged to discharge the prisoner on the present state of facts because of an error on the part of the Circuit Judge at the first hearing and the failure of the Attorney General to appeal.

The decision and order appealed from remanding the prisoner to custody is reversed and the case is remitted to the Circuit Judge with directions to discharge the prisoner.

*G. A. Davis* and *F. M. Brooks* for the petitioner.

*Attorney General L. Andrews contra.*

