## IN THE MATTER OF THE APPLICATION OF CHING TAI FOR A WRIT OF HABEAS CORPUS.

MOTION FOR ADMISSION TO BAIL.

ARGUED NOVEMBER 4, 1907.    DECIDED NOVEMBER 6, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

BAIL.—*habeas corpus.*

> On an appeal from a judgment on a writ of habeas corpus remanding a convicted prisoner to custody, the court, in its discretion, refuses to admit to bail pending the appeal, since no proceeding is pending to secure a review of any action of the court in which the petitioner was convicted or sentenced.

### OPINION OF THE COURT BY HARTWELL, C.J.

This is a motion by one Ching Tai, by his attorneys, R. W. Breckons and Wade Warren Thayer, setting forth that he is a prisoner in Oahu Penitentiary; that October 19, 1907, he applied to the circuit court of the first circuit at chambers for release from custody by writ of habeas corpus; that October 31 the court denied his application and that he has perfected his appeal to this court and moves to be admitted to bail pending the appeal. The petition for the writ avers that the petitioner was restrained by the high sheriff at Oahu Jail under a mittimus, a copy of which is attached, issued out of the first circuit court by the third judge thereof January 26, 1907, to the high sheriff, reciting that Ching Tai, having been convicted in the circuit court of the first circuit of the offense of being present at a place where gambling games were carried on and sentenced to six months imprisonment and $2.50 costs and directing that officer to take said Ching Tai into his custody "and to cause said sentence to be executed." The petition further avers that

the petitioner excepted to the judgment and that having exe-
cuted a bail bond for appearance before the supreme court when
required he was released from custody by the high sheriff; that
the bond is still in force no proceedings having been taken for
its forfeiture; that the petitioner has abided by its require-
ments, but that October 17 the high sheriff unwarrantably, ille-
gally and without right of process took him into custody and
restrained him of his liberty.

The high sheriff's return, he producing the person as required
by the writ, shows that said Ching Tai was in his official cus-
tody, being imprisoned in Oahu Jail by virtue of the judgment
upon which the mittimus referred to was issued; that its exe-
cution was stayed pending the decision on the exceptions to the
judgment, and that October 7, 1907, the petitioner, through his
counsel Mr. R. W. Breckons, voluntarily abandoned his excep-
tions and October 17 a decision was rendered by the supreme
court dismissing them, notice of the decision being the same day
filed with the clerk of the circuit court.

The circuit judge, after hearing the case upon the petition
and return, denied the petitioner's application to be released
from custody.

The petitioner does not ask to be heard on the petition—he
does not wish it to be disposed of now—but merely that his
motion for bail be granted, claiming in argument that he ought
not to be held under the mittimus as it does not appear that an
order was made by the circuit court in which he was convicted
directing the officer, by reason of the dismissal of the exceptions,
to arrest him and execute the judgment as required by the mit-
timus.

This is not a case under Sec. 2774 R. L., continuing the right
of bail after conviction, since no proceeding is pending to secure
a review of any action of the court in which the petitioner was
arraigned, tried, convicted or sentenced.

Under Sec. 2079 Tb., "Until judgment is given, the court or
judge may remand a party, or accept bail for his appearance
from day to day, or may place him under special care and cus-

tody, as circumstances may require." Under this section the granting of bail is discretionary and while it is not desirable to consider the merits of the case in advance of argument, the court in giving its judgment, after looking at the record which has been made part of the motion, under all the circumstances, denies the motion.

*R. W. Breckons* and *W. W. Thayer* for petitioner.
*M. F. Prosser,* for the attorney general, contra.