# IN THE MATTER OF THE APPLICATION OF CHING TAI FOR A WRIT OF HABEAS CORPUS.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED DECEMBER 4, 1907.     DECIDED DECEMBER 11, 1907.

### HARTWELL, C.J., WILDER AND BALLOU, JJ.

HABEAS CORPUS—*mittimus.*

> The petitioner, who had been convicted in the circuit court and sentenced to imprisonment, was released. pending exceptions, upon giving a bail bond to the high sheriff, who, upon the dismissal of the exceptions and notification thereof to the circuit court, took petitioner into custody without further order or authority than the original mittimus. Held that petitioner was not entitled to be discharged upon habeas corpus.

### OPINION OF THE COURT BY HARTWELL, C.J.

This is an appeal from the denial by the circuit judge of an application to be released on habeas corpus from the custody of the high sheriff. The facts are set forth in the opinion denying the petitioner's motion to be admitted to bail pending this appeal. *In Re Ching Tai,* 18. Haw. 473.

The petitioner contends that the mittimus became functus officio and of no further force or effect upon the high sheriff admitting him to bail under Sec. 2775, R. L., the statute requiring his discharge when bail was taken. Ib. Sec. 2777. This conception of a mittimus finds expression in *Ex Parte Oriemon,* 13 Haw. 102, 107, the court saying: "When the prisoner was conveyed to the Hilo Jail the mittimus had performed its function. He was thereafter restrained by virtue of the judgment and the mittimus was no necessary part of the authority of the Sheriff for his detention." Church, Habeas Corpus, Sec. 375, is also cited, that "if the prisoner is safely in the proper

custody,. there is no office for a mittimus to perform." But while in the absence of positive requirements of statute defects in a mittimus, insufficient in form or substance, may be supplied by a record of the judgment as authority for imprisonment, yet a mittimus, correct in form and substance, is a good defense of a claim of illegal imprisonment.

The further contention that after the exceptions were withdrawn by the petitioner and dismissed by this court and notice thereof given to the circuit court there should have been affirmance by the circuit court of its judgment or that a bench warrant should have been issued by the circuit court requiring the petitioner to come into court in order to be placed in the custody of the high sheriff has no support in law. If he were discharged on the ground that the mittimus is no legal cause for his imprisonment the question would probably present itself whether a second mittimus should have any legal effect under the provision (Sec. 2084 R. L.) that "No person who has been discharged upon a writ of habeas corpus shall be again imprisoned or restrained for the same cause."

When the exceptions were dismissed and the trial court notified of the dismissal there was nothing which further stayed execution of the sentence and the high sheriff required no further order to carry out the direction in the mittimus to execute the sentence which had been pronounced by the court.

The mittimus being a legal cause for the petitioner's imprisonment his petition to be discharged cannot be granted..

It would be well if either a rule of court or statute provided that upon the dismissal of exceptions the circuit court notify the high sheriff accordingly in writing in order that there may be no question in the matter.

The order appealed from is affirmed and the petitioner is remanded to the custody of the high sheriff.

*R. W. Breckons* and *W. W. Thayer* for petitioner.

*M. F. Prosser,* for the Attorney General, for respondent.