IN THE MATTER OF FREEMAN PIERCE ON HABEAS CORPUS.

*Justices of the peace—Sentence to Reform School—Certificate of approval by circuit or probate judge.*

To authorize the reception of a respondent at the Reform School at Lansing, it must appear by the certificate of approval of the circuit or probate judge that he has reviewed "the proceedings and testimony taken or had on the trial."

*Habeas corpus* proceedings. Heard January 22, 1889. Respondent discharged February 15, 1889.

Petitioner was convicted of larceny in justice's court, and sentenced to Reform School until 17 years of age. The facts are stated in the opinion.

*C. W. Perry,* for petitioner.

*S. V. R. Trowbridge,* Attorney General, for the people.

PER CURIAM. Freeman Pierce, a lad about 11 years old, was convicted by a justice of the peace in the county of Clare of the larceny of a mouth organ, valued at 25 cents, and was sentenced to the Reform School at Lansing until he should arrive at the age of 17 years. This sentence, it appears, received the sanction of the agent of the board of corrections and charities. The judge of

probate of the county of Clare also indorsed upon the commitment papers, as appears by the return to the writ, the following statement:

"I, William W. Green, judge of probate in and for Clare county, do hereby approve of the proceedings taken and had before Samuel F. Fine, a justice of the peace of Grant township, in said county, in the cases of the *People vs. William Stephens, Willie Hursch, and Freeman Pierce*, commitments hereto attached. Dated, Harrison, December 19, 1888.

"WILLIAM W. GREEN, Judge of Probate."

*Held*, that this certificate is insufficient to warrant the incarceration of the respondent. In these cases it should appear upon the papers directing the reception of the respondent at the Reform School that the essential requirements of the statute for his admission have been complied with. This does not appear by the return in the case of this boy. It does not appear that the judge of probate was present at the trial of respondent, or that the testimony, if any was taken, ever came under the examination of the judge, or, in the language of the statute, that he reviewed "the proceedings and testimony taken or had on the trial." This must appear in his certificate. It is of the utmost importance, both to the people and the respondent, that all of the testimony and the circumstances surrounding each of these cases should be laid before the judge, whose duty it is to review the case, and see to it that no boy, whose case presents doubtful criminality or turpitude not reaching beyond the irregularities and sports of youth, shall be subjected to the restraints imposed in the Reform School. How. Stat. § 9817.

The return of respondent shows the commitment defective in the particulars pointed out, and the boy must be discharged.