IN THE MATTER OF EDWARD REINHEIMER ON HABEAS CORPUS.

*Criminal law—Commitment—Discharge—Habeas corpus.*

A respondent who has been discharged on *habeas corpus* for a defect in a commitment, issued by a justice of the peace on respondent's failure to comply with an order requiring him to furnish sureties to keep the peace, may be lawfully imprisoned under a second commitment in due form, issued by the same justice on the same order.

*Habeas corpus* proceedings. Heard June 6, 1893. Petitioner remanded June 8, 1893.

The petitioner was discharged on *habeas corpus* from imprisonment under a commitment issued by a justice of the peace on his failure to comply with an order to furnish sureties to keep the peace. The order of discharge was made without prejudice to the right of the justice to issue a second commitment, if he had the statutory right so to do; and, before the expiration of the 10 days allowed for appeal, the justice issued a second commitment, upon which petitioner was arrested and imprisoned. A second writ of *habeas corpus* was issued, and, upon a hearing, the circuit judge who discharged the petitioner on the former writ remanded him to jail, holding that the justice had authority to recommit in the same cause; and thereupon this application was made.

*T. P. Zander* and *L. E. Bradt* (*L. C. Holden*, of counsel), for petitioner.

*A. A. Ellis*, Attorney General, and *E. A. Snow*, Prosecuting Attorney, for the people.

PER CURIAM. One committed upon a failure to com-

ply with an order to give security to keep the peace, discharged upon *habeas corpus* for a defect in the commitment, and subsequently arrested and imprisoned upon a second commitment, in due form, issued upon said order, is lawfully imprisoned, and will not be discharged upon *habeas corpus*. How. Stat. § 8594, subd. 1.