*In re* COLLINS.

1. CRIMINAL LAW — INDUSTRIAL SCHOOL FOR BOYS — COMMITMENT —APPROVAL BY CIRCUIT JUDGE.

Under 1 Comp. Laws, § 2197, making it a condition to a valid commitment by a police court or justice of the peace to the industrial school for boys that it shall, upon a review by the circuit or probate judge of the proceedings and testimony, be approved by him, a certificate by a circuit judge upon a commitment in the words, "I hereby approve of the sentence as set forth in the within warrant of commitment," is insufficient.

2. SAME—HABEAS CORPUS—AMENDMENT OF RETURN.

Where the indorsement of approval by a circuit judge on a commitment to the industrial school for boys, as set forth in the return to a writ of *habeas corpus*, is defective, the court will remand the prisoner, and permit the return to be amended so as to show the subsequent indorsement of the proper certificate. 3 Comp. Laws, § 9898.

*Habeas corpus* proceedings by Hugh W. Collins to obtain the release of James and Charles Collins from the industrial school for boys at Lansing. Submitted November 10, 1903. (Calendar No. 20,211.) Prisoners remanded November 17, 1903.

*Edward Minock* and *Thomas Mulvihill*, for petitioner.

*Charles A. Blair*, Attorney General, and *Henry E. Chase*, Deputy Attorney General (*Thomas Ambrose Lawler*, of counsel), for respondent superintendent.

GRANT, J.   The petitioners, boys 13 years of age, were convicted of the crime of larceny before the police court of the city of Detroit, and were sentenced to the industrial school for boys at Lansing.   The approval of such sentence by one of the circuit judges of Wayne county was indorsed upon the commitment in the following language: "I hereby approve of the sentence as set forth in the within warrant of commitment."   The petitioners are now before us on a writ of *habeas corpus*, claiming that such commitment is void under *In re O'Leary*, 25 Mich. 144, and *In re Pierce*, 74 Mich. 239 (41 N. W. 908).

The approval of the circuit judge as originally indorsed is not in compliance with the statute, which, as a condition for commitment to the industrial school, requires the circuit judge to review the proceedings and testimony, and to indorse his approval or disapproval.   If he approves, the boys are sent to the industrial school; if he disapproves, the justice must then pass sentence as in other cases provided by law.   1 Comp. Laws, § 2197.   The petitioners should be discharged under those decisions, unless an amendment to the return be allowed permitting the circuit judge to certify that he did comply with the law, and has examined the testimony and proceedings and approved the sentence.   The circuit judge has indorsed the proper certificate, and it is now before us on a motion to amend the return.

The petitioners were properly convicted.   Shall the failure of the circuit judge to put his certificate in proper form in the first instance operate as an absolute discharge from the punishment imposed, or do the interests of justice require that the circuit judge correct his certificate to accord with the facts?   Our statute provides that no person, after once being discharged, can again be restrained for the same cause;

" But it shall not be deemed the same cause:

" 1. If he [the prisoner] shall have been discharged from a commitment on a criminal charge, and be afterwards committed for the same offense, by the legal order or pro-

cess of the court wherein he shall be bound by recognizance to appear, or in which he shall be indicted or convicted for the same offense; or

"2. If, after a discharge for defect of proof, or for any material defect in the commitment, in a criminal case, the prisoner be again arrested on sufficient proof, and committed by legal process for the same offense."

3 Comp. Laws, § 9898.

There is no reason in discharging criminals for defective commitments if the defects can be remedied in accordance with the facts. The rights of the prisoner are not infringed by permitting the amendment, while the rights of the public might suffer greatly if such technicalities were allowed to prevail. If the superintendent of the industrial school for boys had refused to receive the petitioners on account of the defective approval,— which he might lawfully have done,— should the criminals go free, or should the commitment be returned for the circuit judge to comply with the statute?

The petitioners were properly convicted after a fair trial. This statutory requirement by a circuit judge is for the protection of the public as well as of juvenile offenders. We think that, under the statute and under the authorities, it is in the power of this court to remand the petitioners, and to cause the return to be amended, either in this court or in the court where the conviction was had, so as to accord with the facts. If this commitment had been made out, and under it the petitioners had been committed to the school without any approval of the circuit judge, we think it clear that the commitment should have been returned to the court from whence it issued, and the proceedings and testimony then placed before the circuit judge for his examination and approval. In the cases relied upon by the petitioners it does not appear that any request was made to amend the certificate of the judge so as to comply with the facts, or to remand the proceedings for his examination, if none had been had. A discharge upon a defective commitment upon an order to give security to keep the peace is no bar

to a second commitment in due form. *In re Reinheimer*, 97 Mich. 619 (55 N. W. 460). The following authorities are also in point: *Ex parte Gibson*, 31 Cal. 619 (91 Am. Dec. 546); *State* v. *Bloom*, 17 Wis. 538; *People, ex rel. Devoe*, v. *Kelly*, 97 N. Y. 212; *Ex parte Tayloe*, 5 Cow. 39; *Sennott's Case*, 146 Mass. 489 (16 N. E. 448, 4 Am. St. Rep. 344); *State* v. *Plants*, 25 W. Va. 119 (52 Am. Rep. 211).

Counsel for petitioners do not contest that the certificate of the circuit judge, as now indorsed upon the commitment, is in proper form. It is therefore established that the circuit judge has performed his duty; that he has examined the testimony, reviewed the proceedings, and approved the sentence.

The amendment will be allowed, and the petitioners remanded to the custody of the industrial school for boys.

The other Justices concurred.