*In re* OVERTON.

Habeas Corpus — Defective Commitment — Amendment — Curing
  Error.
  Writ of *habeas corpus* is denied where warrant of commitment of
  one convicted of manslaughter, which recited conviction of
  murder, was amended to correspond with fact, the sentence
  imposed being within statutory provision for manslaughter
  (3 Comp. Laws 1929, § 16717).

*Habeas corpus* proceedings by Charles Overton, with accompanying certiorari to Neil E. Reid, Macomb circuit judge, to obtain release from State prison at Jackson. Submitted May 29, 1934. (Calendar No. 37,736.) Writ denied September 18, 1934.

*Leo W. Pigott,* for petitioner.

*Patrick H. O'Brien,* Attorney General, and *George Murphy,* Assistant Attorney General, for the people.

North, J. This is a *habeas corpus* proceeding by Charles Overton who is confined in the Michigan State prison. Petitioner was charged with murder. He entered a plea of guilty to the crime of manslaughter, and on July 11, 1928, was sentenced for a maximum term of 15 years, minimum of 12 years. The warrant for petitioner's commitment to the State prison recites that he was convicted of *murder*. The petition for the writ of *habeas corpus* contains the following:

"It is alleged that the confinement of the said Charles Overton under the present warrant of commitment is illegal, in that, the warrant specifies that he has been convicted of the crime of murder, and it

is obvious, according to the records and files of said court and cause, that the respondent has not been convicted of the crime of murder. It therefore appears that Peter L. Gray, warden of the Jackson prison, has no legal and proper writ of commitment in his possession, at the present time, to restrain the defendant Charles Overton of his liberty, and the warrant of commitment now in his possession is void. Further detention by the warden of the Michigan State prison of the said Charles Overton is illegal."

Incident to granting the writ of *habeas corpus* an ancillary writ of certiorari was issued to the circuit court and from the return to this writ it appears, as charged by petitioner, that the warrant for his commitment recites he was "duly convicted of the crime of murder," when in fact he was convicted of manslaughter. This, as appears from the return, was a clerical error. After the writ of certiorari was issued and before return thereto, upon application of the assistant prosecuting attorney, the circuit judge by whom petitioner was sentenced amended the warrant for removal and commitment. The order entered by the court reads as follows:

"This cause having come on to be heard upon the motion of Vincent L. Fitzgerald, assistant prosecuting attorney, for an order amending the warrant for removal of prisoner to any prison heretofore filed in said cause and the court having read the said motion and examined the files and records in the said cause, and the court being fully advised in the premises, therefore, on motion of Vincent L. Fitzgerald, attorney for the people,

"It is ordered that the warrant for removal of prisoner to any prison heretofore filed in this cause be and the same hereby is amended to read: 'Whereas Charles Overton has lately in our circuit court for the county of Macomb been duly convicted of the crime of manslaughter,' instead of the recital

of a conviction for murder, the warrant otherwise to stand.''

In this connection it may be noted that the circuit court in the original prosecution had jurisdiction of defendant's person and of the offense charged and that of which defendant was convicted. The sentence imposed was for manslaughter to which the defendant had pleaded guilty, and the penalty imposed was within the statutory provision. 3 Comp. Laws 1929, § 16717. While it does not so appear from the return to the writ of certiorari, it may be assumed that the amended warrant for removal and commitment has been or will be forwarded to the warden of the Jackson State prison. Under these conditions, the commitment having been amended, petitioner has been granted all the relief to which he is entitled. He has not been subjected to illegal detention by the warden because the commitment under which the prisoner has been held is fair upon its face.

''There is no reason in discharging criminals for defective commitments if the defects can be remedied in accordance with the facts. The rights of the prisoner are not infringed by permitting the amendment, while the rights of the public might suffer greatly if such technicalities were allowed to prevail.'' *In re Collins,* 135 Mich. 91.

Because of the disposition of this matter above indicated, we do not pass upon the question of whether *habeas corpus* is the proper remedy, which question is presented herein by the people's brief.

Petitioner's discharge on *habeas corpus* is denied.

Nelson Sharpe, C. J., and Potter, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.